**ALASKA CENTER FOR THE ENVIRONMENT; Alaska Wildlife Alliance, Plaintiffs–Appellants,**

v.

**U.S. FOREST SERVICE; John C. Dorio, District Ranger, Chugach National Forest, Defendants–Appellees.**

No. 97–36128

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 3, 1999

Filed Sept. 7, 1999

Patrick Lavin and Valerie Brown, Trustees for Alaska, Anchorage, Alaska, for the appellants.

Ethan G. Shenkman, Attorney, Department of Justice, Washington, D.C., for the appellees.

Before: PROCTER HUG, JR., Chief Judge, STEPHEN S. TROTT and A. WALLACE TASHIMA, Circuit Judges.

HUG, Chief Judge:

At issue in this appeal is whether the U.S. Forest Service complied with the National Environmental Policy Act (NEPA), 42 U.S.C. §§ 4321–4370, when it classified one-year commercial helicopter activities as "categorical exclusions" and issued a special use permit without conducting an Environmental Assessment (EA) or Environmental Impact Statement (EIS). However, before reaching this question we must first decide whether this case is rendered moot because the challenged permit has now expired. We have jurisdiction pursuant to 28 U.S.C. § 1291 and, concluding the case is not moot, we AFFIRM.

## I. BACKGROUND

The Alaska Center for the Environment (ACE) challenges the Forest Service's decision to issue a one-year special use permit to Chugach Powder Guides, Inc. (Powder Guides) authorizing helicopter-guided skiing and hiking operations. Under NEPA, federal agencies are required to prepare either an EA or EIS for major Federal actions significantly affecting the quality of the human environment. 42 U.S.C. § 4332(2)(C). Pursuant to Council

of Environmental Quality (CEQ) regulations, each agency is required to identify categories of actions which do not individually or cumulatively have a significant effect on the human environment. 40 C.F.R. §§ 1507.3(b)(2)(ii) & 1508.4. These actions are classified as "categorical exclusions" for which neither an EA or EIS is required. 40 C.F.R. § 1508.4. Forest Service regulations provide that approval, modification, or continuation of minor short-term (one-year or less) special uses of National Forest land "are categorically excluded." Forest Service Handbook 1909.15, 30.3(1)(a)-(b).

In 1997, the Forest Service issued the Powder Guides' special use permit, which authorized commercially-guided helicopter skiing and hiking tours in several areas of the Chugach National Forest in Alaska for one year. The Forest Service classified the permit activity as falling within its categorical exclusion for minor short-term special uses of National Forest lands and therefore, did not conduct an EA or EIS. Under Forest Service policy, one-year special use permits are not subject to NEPA and can be renewed for up to one additional year. Thereafter, the permit holder must seek a five-year special use permit accompanied by either an EA or EIS. In 1998, Powder Guides was granted a one-year extension to its original permit. ACE challenged the issuance of the original one-year permit, arguing that NEPA required the Forest Service to conduct an EA or an EIS before issuing the Powder Guides permit because it was not properly within the categorical exclusion.[1] ACE sought both injunctive and declaratory relief. The district court granted summary

judgment for the Forest Service on the grounds that the Forest Service properly relied on the categorical exclusion under NEPA and provided a reasonable explanation for doing so. Subsequent to the district court's decision, Powder Guides' extended permit expired. Thus the first question to address is whether the dispute has been rendered moot.[2]

## II. DISCUSSION

### A. Mootness

Mootness is a question of law reviewed de novo. *Di Giorgio v. Lee (In re Di Giorgio )*, 134 F.3d 971, 974 (9th Cir.1998). Generally, an action is mooted when the issues presented are no longer live and therefore the parties lack a legally cognizable interest for which the courts can grant a remedy. *Murphy v. Hunt,* 455 U.S. 478, 481, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982); *Arizonans for Official English v. Arizona,* 520 U.S. 43, 45, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997) (an actual controversy must be extant at all stages of review); *Northwest Resource Info. Ctr., Inc. v. National Marine Fisheries Service,* 56 F.3d 1060, 1069 (9th Cir. 1995). However, the Supreme Court has established an exception to the general principle of mootness for cases in which the challenged conduct is capable of repetition but evades review. *Weinstein v. Bradford,* 423 U.S. 147, 148–49, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975). The exception is limited to extraordinary cases where "(1) the duration of the challenged action is too short to allow full litigation before it ceases, and (2) there is a reasonable expec-

1. ACE initially challenged the issuance of permits for two other companies, Kenai Air Alaska and ERA Helicopter, Inc., which authorized similar helicopter activity. ACE amended its complaint in 1997 to include the Powder Guides permit as well. With regard to the Kenai Air and ERA Helicopter permits, the district court found that the Forest Service had not explained why the impacts were not significant and therefore granted summary judgment in favor of ACE. Therefore,

the Powder Guides permit is the only permit at issue on appeal.

2. Pursuant to Forest Service policy, Powder Guides applied for a five-year permit. The Forest Service prepared an EA and issued a Finding Of No Significant Impact. Accordingly, Powder Guides was granted a five-year permit and ACE has challenged the validity of the Forest Service's decision in separate litigation.

tation that the plaintiffs will be subjected to it again." *Greenpeace Action v. Franklin,* 14 F.3d 1324, 1329 (9th Cir.1992).

■ In this case, the challenged permit has expired and therefore the issues regarding Powder Guides' permit are moot unless the issuance of a one-year permit falls within the repetition/evasion exception to the mootness doctrine.

### 1. Duration

In determining if an issue satisfies the repetition/evasion exception, we have recognized that "evading review" means that the "underlying action is almost certain to run its course before either this court or the Supreme Court can give the case full consideration." *Miller v. California Pacific Med. Ctr.,* 19 F.3d 449, 453–54 (9th Cir.1994). The Supreme Court held that 18 months was not enough time for complete judicial review. *First Nat'l Bank v. Bellotti,* 435 U.S. 765, 774, 98 S.Ct. 1407, 55 L.Ed.2d 707 (1978). In *Greenpeace Action,* this court held that a regulation that was in effect for less than a year satisfied the exception because 12 months was not enough time for judicial review. 14 F.3d at 1329–30.[3]

The Forest Service contends that the exception does not apply because the one-year special-use permit was renewed for an additional year and two years is sufficient time to obtain judicial review. ACE asserts that the permit should not be re-characterized as a two-year permit based on the Forest Service's discretion to grant an extension because there may be situations in which the Forest Service does not grant the extension. For the purposes of deciding the mootness question, it is inconsequential whether we view the Powder Guides permit as a one-year or two-year permit. For even assuming that it is a two-year permit, conclude that the duration element of the exception is satisfied because the duration of the permit is too short to allow full litigation before the permit expires.

■ The Forest Service also argues that ACE could have avoided mootness by seeking expedited consideration of the appeal under Ninth Circuit Rules. Circuit Rule 27–12 allows a party to file a motion for expedited appeal for good cause which includes situations where, in the absence of expedited treatment, the appeal may become moot. Cir. Rule 27–12(3). In cases where the mootness exception has been found inapplicable because of plaintiff's failure to avail themselves of procedures to avoid mootness, the issue was whether plaintiff sought an injunction pending appeal. *See Bunker Ltd. v. United States (In re Bunker Ltd. Partnership),* 820 F.2d 308, 311 (9th Cir.1987) (a party may not profit from the repetition/evasion exception "where through his own failure to seek and obtain a stay he has prevented" judicial review); *Headwaters v. BLM,* 893 F.2d 1012, 1015–16 (9th Cir.1990); *American Horse Protection Ass'n v. Watt,* 679 F.2d 150, 151 (9th Cir.1982). In this case, as the Forest Service's Motion to Dismiss admits, a stay or an injunction pending appeal would not have prevented the Powder Guides permit from expiring. Therefore, ACE seeking a stay would not have avoided mootness.

---

**3.** By contrast, in *Northwest Resource Info. Ctr.,* we concluded that a one-year permit followed by a five-year permit did not satisfy the exception because five years was enough time for complete judicial review. 56 F.3d at 1070. Although the case appears to be right on point, the challenged conduct in *Northwest Resources,* was the same under both the temporary and five-year permit. In the current case, the challenged conduct is different under each permit. ACE is challenging the pol-icy of issuing one-year permits under the categorical exclusion without environmental analysis. Powder Guides' five-year permit was not granted under the categorical exclusion and is accompanied by an EA. The question of whether the Forest Service can authorize a one-year permit under the categorical exclusion cannot be raised in challenging the five-year permit. Thus, *Northwest Resources* does not control this case.

The Forest Service contends, however, that ACE should not be able to avail itself of the exception to the mootness doctrine when it did not take advantage of *all* mechanisms, including expedited review under circuit rules, to avoid mootness. There is no authority in this circuit for concluding that the repetition/evasion exception is inapplicable when the parties fail to seek expedited review under circuit rules. However, we have held the repetition/evasion exception inapplicable where the Federal Rules of Civil Procedure and Evidence were in place to protect against repetition. In *Demassa v. United States (In re Grand Jury Proceedings )*, 760 F.2d 1490, 1492 (9th Cir.1985), plaintiff refused to answer questions during grand jury proceedings and was held in contempt. *Id.* Upon appeal the case was found to be moot because the grand jury proceedings had concluded. *Id.* Plaintiff argued that the government intended to call him as a witness at trial, and therefore the capable of repetition but evading review exception applied. This court concluded that "although the dispute may arise again, it is not likely to escape review, as the parties can file pre-trial motions in limine and may also seek timely review from the appropriate adverse determinations." *Id.*

Arguably, circuit rules are like the rules of procedure and evidence and parties can take advantage of any or all of them to avoid mootness. However, in *Grand Jury Proceedings*, the challenged conduct was calling the plaintiff as a witness, which is conduct that is clearly governed by the Federal Rules of Civil Procedure and the Federal Rules of Evidence. The challenged conduct in this case, which is the issuance of helicopter permit without NEPA review, is not directly subject to the federal rules of evidence and procedure.

Issues of mootness often involve "highly individualistic ... appraisal of the facts of each case" to determine if the doctrine applies. Charles A. Wright, Arthur R. Miller & Edward H. Cooper, 13A Federal Practice and Procedure § 3533 at 211–12 (2d ed.1984) (footnote omitted). In this case, ACE is attempting to challenge the Forest Service's policy of issuing temporary permits under the categorical exclusion without any environmental analysis. The only way to challenge this policy is to bring an action when one of these temporary permits is issued, which ACE has done. In fact, the original action challenged three one-year permits for commercial helicopter-guided activities. The Forest Service cannot evade review of this policy by exercising its discretion to extend the original permit and then argue that the case is moot because two years is sufficient for judicial review. Under these circumstances, it would be unfair to condition surviving the mootness doctrine on compliance with permissive circuit rules. Moreover, even if ACE had sought expedited appeal, there is no guarantee that complete judicial review, which includes Supreme Court review under our precedent, would have taken place before the permit expired. Therefore, we decline to extend the principles announced in *In re Grand Jury Proceedings* to compliance with permissive circuit rules and decline to establish a rule that the repetition/evasion exception is inapplicable when a party fails to seek expedited review under our circuit rules.

### 2. *Repetition*

The second prong of the repetition/evasion exception requires some indication that the challenged conduct will be repeated. *Greenpeace Action,* 14 F.3d at 1329. ACE "need only show that it is reasonable to expect that the [Forest Service] will engage in conduct that will once again give rise to the allegedly moot dispute." *Miller,* 19 F.3d at 454.

The Forest Service argues that because Powder Guides cannot receive another one-year permit there is no reasonable expectation that Powder Guides will again be issued a special-use permit without NEPA analysis. However, the issue

raised by ACE is not whether Powder Guides will be issued another permit, but whether the Forest Service will issue other commercial helicopter permits in the Chugach National Forest without NEPA analysis like the Powder Guides permit and the other two permits originally challenged in this case. Based on the evidence produced by ACE that the Forest Service has issued such permits after the Powder Guides permit, we conclude that there is a reasonable expectation that the Forest Service will engage in the challenged conduct again.

Because both prongs of the repetition/evasion exception are satisfied, we conclude that this case falls within the "capable of repetition yet evading review" exception to mootness doctrine and therefore, reach the merits of ACE's appeal.

## B. NEPA claims

 The district court granted summary judgment in favor of the Forest Service on ACE's claims that the Forest Service failed to comply with NEPA by issuing the Powder Guides permit without environmental analysis. We review a district court's grant of summary judgment de novo, viewing the case from the same position as the district court. *Sierra Club v. Babbitt*, 65 F.3d 1502, 1507 (9th Cir. 1995). An agency's determination that a particular action falls within one of its categorical exclusions is reviewed under the arbitrary and capricious standard. *Bicycle Trails Council of Marin v. Babbitt*, 82 F.3d 1445, 1456 (9th Cir.1996).

### 1. Scope of the Categorical Exclusion

 Under the CEQ regulations, which were promulgated pursuant to NEPA, each agency is directed to identify "categorical exclusions" which are categories of actions which do not, individually or cumulatively, have a significant effect on the human environment and therefore, do not require an EA or EIS. 40 C.F.R. § 1508.4. Consistent with the CEQ regulations, the Forest Service promulgated a series of categorical exclusions, which are set forth in the Forest Service Handbook.1909.15, 31.1b & 31.2. Exclusion 8 provides that "approval, modification, and continuation or minor, short-term (one-year or less) special uses of National Forest System lands" are excluded from NEPA review. *Id.* at 31.1b (8). The Handbook then gives three examples of such short term uses: (1) approving, on an annual basis, the intermittent use and occupancy by State-licensed outfitter or guide; (2) approving the use of National Forest System land for apiaries; (3) approving the gathering of forest products for personal use. *Id.* at 31.1b (8)(a)-(c).

 ACE argues that the categorical exclusion, by its own terms, does not apply to this case because helicopter permits are beyond the intended scope of the exclusion. When reviewing an agency's application of its own regulation, the agency's interpretation of its regulation must be given controlling weight unless it is plainly erroneous or inconsistent with the regulation. *Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, 510–12, 114 S.Ct. 2381, 129 L.Ed.2d 405 (1994); *United States v. McKittrick*, 142 F.3d 1170, 1173 (9th Cir. 1998) (Fish and Wildlife Service's interpretation of its own regulations entitled to deference). Although this Circuit has not applied this standard specifically to categorical exclusions under NEPA, several other circuits have. *See West Houston Air Comm. v. FAA*, 784 F.2d 702, 705 (5th Cir.1986) (holding that deference is owed to an agency's interpretation of its own categorical exclusion regulations, so long as that interpretation is not plainly erroneous or inconsistent with the regulation); *City of Alexandria v. Federal Highway Admin.*, 756 F.2d 1014, 1020 (4th Cir. 1985). We agree that an agency's interpretation of the meaning of its own categorical exclusion should be given controlling weight unless plainly erroneous or inconsistent with the terms used in the regulation.

■ ACE asserts several reasons that the permit does not fit within the exclusion. First, the Forest Service's discretion to renew the permit for an additional year, in effect, makes this a two-year permit. Second, the exclusion makes no mention of motorized uses. Third, Powder Guides use of the land under the permit is not intermittent because it allows access all day for most of the year. Finally, Powder Guides' permitted activities are not "minor" under the language of the exclusion.[4] ACE relies on the Second Circuit's decision in *Fund for Animals v. Babbitt,* which held that a permit to conduct a moose hunt did not fit within the cited categorical exclusion. 89 F.3d 128, 133 (2nd Cir.1996). Unlike the current case, in *Fund for Animals,* the agency's regulations on categorical exclusions were limited to activities such as non-destructive data collection, inventory study, research, monitoring, public safety, and education. *Id.* at 130. The Second Circuit found that a moose hunt did not fit within any of the enumerated categories. *Id.*

■ In this case, the helicopter permit falls within the general scope of the exclusion which specifically refers to intermittent short term uses such as guiding. The fact that the exclusion does not make mention of motorized uses does not render the inclusion of motorized uses unreasonable. Moreover, the word "intermittent" could reasonably be interpreted to include activities limited to daytime use. Therefore, the fact that the Powder Guides permit was for all day for most of the year would not remove it from the exclusion. Finally, the Forest Service's conclusion that the proposed activity was minor, because it was only for one year, is also a reasonable interpretation of the exclusion as written. ACE's argument that the potential for one-year extensions in effect renders the permit a two-year permit also fails because the exclusion provides for the "continuation" of short-term uses. A reasonable interpretation of this language would allow renewal provided the renewal was not for more than one year at a time. Thus, the agency's interpretation of its categorical exclusion to include short-term helicopter permits is not inconsistent or contrary to the language of the regulation.[5]

### 2. *Extraordinary Circumstances*

■ If a proposed action fits within a categorical exclusion, NEPA review is not required unless there are "extraordinary circumstances" related to the proposed action. Forest Service Handbook, 1909.15, 30.3(1)(b); 40 C.F.R. § 1508.4. Extraordinary circumstances are those circumstances "in which a normally excluded action may have significant environmental effect." 40 C.F.R. § 1508.4; FSH at ¶ 30.5. The scoping process is used to "determine the scope of the issues to be addressed and for identifying the significant issues related to a proposed action." 40 C.F.R. § 1501.7. The Forest Service conducts scoping for "all proposed actions, including those that would appear to be categorically excluded" Forest Service Handbook, 1909.15, 30.2(3). If extraordinary circumstances having a significant effect on environment are revealed during scoping, then the Forest Service conducts an EA. *Id.* at 30.2(3).

---

4. In its reply brief, ACE also asserts that there is no evidence in the record that Powder Guides has a state license. This argument was raised for the first time in ACE's reply brief. Arguments not raised in opening brief are waived. *See Officers for Justice v. Civil Serv. Comm'n,* 979 F.2d 721, 725–26 (9th Cir.1992).

5. ACE also contends that the Forest Service is avoiding NEPA review by breaking proposed actions down into one-year temporary actions so as to fit within the categorical exclusion and not complete an EA. The question of whether an action is temporary and fits within the categorical exclusion is a factual determination that implicates substantial agency expertise and is reviewed under the arbitrary and capricious standard. *Greenpeace,* 14 F.3d at 1324. The Forest Service's categorization of one-year helicopter permits as temporary is not unreasonable or does not rise to the level of arbitrary and capricious.

ACE argues that even if helicopter permits technically fall under the language of the exclusion, the exclusion should not apply because under CEQ regulations this is a major federal action having a significant effect on the environment. Categorical exclusions, by definition, are limited to situations where there is an insignificant or minor effect on the environment.

Under CEQ guidelines, any regulation adopting a categorical exclusion must "provide for extraordinary circumstances in which a normally excluded action may have a significant environmental effect." 40 C.F.R. § 1508.7; *Jones v. Gordon*, 792 F.2d 821, 827 (9th Cir.1986). In determining whether an action will "significantly" effect the environment, the CEQ regulations provide certain factors that should be considered. *Id.* The factors include, among others, (1) the degree to which the proposed action affects public health or safety, (2) the degree to which the effects will be highly controversial, (3) whether the action establishes a precedent for further action with significant effects, and (4) whether the action is related to other action which has individually insignificant, but cumulatively significant impacts. 40 C.F.R. § 1508.27(b).

When an agency decides to proceed with an action in the absence of an EA or EIS, the agency must adequately explain its decision. *Jones*, 792 F.2d at 828. "An agency cannot avoid its statutory responsibilities under NEPA merely by asserting that an activity it wishes to pursue will have an insignificant effect on the environment." *Id.* (quoting *The Steamboaters v. FERC*, 759 F.2d 1382, 1393 (9th Cir.1985)). "The agency must supply a convincing statement of reasons why potential effects are insignificant." *Steamboaters*, 759 F.2d at 1393. To determine whether agency action is arbitrary or capricious, a court must consider "whether the decision was based on a consideration of the relevant factors and whether there has been clear error of judgment." *Marsh v. Oregon Natural Resources Council*, 490

U.S. 360, 378, 109 S.Ct. 1851, 104 L.Ed.2d 377 (1989). Once the agency considers the proper factors and makes a factual determination on whether the impacts are significant or not, that decision implicates substantial agency expertise and is entitled to deference. *Greenpeace*, 14 F.3d at 1324.

The issue, then, is whether the Forest Service considered the proper factors in making its determination of the significance of the Powder Guides permit. With regard to the other permits challenged in this case, the Kenai Air and ERA permits, the district court concluded that the Forest Services did not give sufficient reasons for its decision, but simply restated the exclusion. Accordingly, the district court found the Forest Service's action to be arbitrary and capricious and remanded to the Forest Service to provide a reasoned decisions. However, with regard to the Powder Guides permit, the district court found that the Forest Service had articulated a rational connection between the facts found and the conclusion made. The district court concluded that as long as there is a rational connection between the facts and the conclusions made, the Forest Service has not acted arbitrarily. We agree with the district court that the Forest Service provided a reasoned decision and specifically indicated that during the scoping process there were no extraordinary circumstances found that would warrant the preparation of an EA or EIS. Employing the deferential standard of review, which we must when reviewing factual conclusions within the agency's expertise, we conclude that the Forest Service considered the relevant factors and determined that no extraordinary circumstances were present. Accordingly, the Forest Service did not violate NEPA.

### 3. *Mitigation Measures*

Finally, ACE contends that the presence of conditions and mitigation measures on the permit, such as flight path, operation times, and noise reduction, indi-

cates that the impacts of the permit are not minor and therefore should be examined in an EA. This court has held that "conditions mitigating the environmental consequences of an action may justify an agency's decision not to prepare an environmental impact statement." *Jones,* 792 F.2d at 829. The mere presence of mitigating measures will not trigger the need to prepare an EA or EIS. To hold otherwise would create an incentive for agencies to leave out important conditions on permits for fear that the presence of the conditions would preclude the availability of the categorical exclusion and require and EA or EIS.

## III. CONCLUSION

Based on the foregoing, the Forest Service's Motion to Dismiss on Mootness Grounds is DENIED, and the district court's grant of summary judgment is AFFIRMED.