NATIVE ECOSYSTEMS COUNCIL, Ecology Center, and Sara Jane Johnson, Plaintiffs,

v.

Jerry REESE, in his official capacity as Supervisor of the Caribou–Targhee National Forest; Jack Blackwell, in his official capacity as Regional Forester of Region IV; Dale Bosworth, in his official capacity as Chief of the U.S. Forest Service; and the U.S. Forest Service, an agency of the United States Department of Agriculture, Defendants.

No. CV 01–172–M–DWM.

United States District Court,
D. Montana.

July 25, 2002.

**1230**

Sarah McMillan, Attorney at Law, Missoula, MT, Thomas J. Woodbury, Boise, ID, for Plaintiffs.

Myesha K. Braden, Washington, DC, for USA.

## ORDER

MOLLOY, Chief Judge.

### I. Introduction

Dale Bosworth, who was then the Regional Forester for the Northern Region of the United States Forest Service, signed the Record of Decision for the Targhee National Forest Revised Forest Plan Final Environmental Impact Statement on April 17, 1997. Sara Johnson then filed an administrative appeal of that decision about the RFP. Her appeal was on behalf of Plaintiff Native Ecosystems Council and was filed on August 28, 1997. Up to this point the administrative process was normal. Then the law and regulations were ignored. The Forest Service first responded to this appeal by denying it on May 6, 2002, having never responded to inquires from Johnson over the years about the status of the appeal. While the Forest Service took nearly five years to respond to the appeal, the law requires a response within 160 days.

In the interim, the Forest Service prepared the East Beaver and Miner's Creek Timber and Prescribed Burning Project tiered to the RFP. These actions took place before the ruling on Johnson's RFP appeal. Johnson filed an administrative appeal of the project on behalf of NEC and Plaintiff The Ecology Center on February 17, 2001. The Forest Service denied the appeal on April 6, 2001. The Forest Service agreed to stay any ground-disturbing work on the project until after it issued a ruling on the appeal of the RFP, on which it decided on May 6, 2002.

NEC filed suit in this Court on October 1, 2001. It now seeks summary judgment that the Forest Service failed to respond to the appeal of the RFP within 160 days in violation of 36 C.F.R. § 217.8(f)(1).[1] Further, NEC argues that the Forest Service has exhibited a *de facto* pattern and practice of not responding to administrative appeals of forest plans as required by law through published regulation, and lists fourteen other forests on which the Forest Service did not respond to forest plan appeals in a timely fashion. NEC asks for a ruling that this *de facto* policy and practice is arbitrary, capricious, or otherwise not in accordance with the law. It seeks injunctive relief to prevent the Forest Service from implementing any ground-disturbing projects tiered to the forest plan in any of these forests under appeal prior to a ruling on the appeal.

---

1. 36 C.F.R. § 217 was removed and many of its provisions were subsumed into § 219 after the dates relevant to this action. *See* 65 Fed. Reg. 67514–01 (November 9, 2000). The implementation date of the revised regulations has twice been delayed. *See* 66 Fed.Reg. 27552 (May 17, 2001) and 67 Fed.Reg. 35431 (May 20, 2002).

The Forest Service admits that it did not respond to the administrative appeal of the Targhee RFP in a timely fashion. Now the Forest Service argues that this matter is moot, since the illegal activity complained of is no longer at issue. This rationale, if adopted, would eviscerate the public's role in land use decisions and adopt a relativist public policy that would have broad implications in agency decision-making procedures. The Forest Service also argues that NEC has no standing to challenge most of the other forest plans where the Forest Service delayed ruling on administrative appeals of the plan more than 160 days.

## II. Analysis

### A. Timeliness

Under the law as set forth in Forest Service regulation 36 C.F.R. § 217.8(f)(1), the Forest Service officer reviewing an appeal of a land and resource management plan revision must render an appeal decision not later than 160 days from the date the notice of appeal was filed. In the event of multiple appeals, the appeal date is calculated from the date of the last appeal. 36 C.F.R. § 217.8(f)(2). The Record of Decision for the Targhee National Forest Revised Forest Plan Final Environmental Impact Statement was signed on April 17, 1997. NEC filed a timely administrative appeal of the RFP on August 28, 1997. *See Id.* § 217.8(a)(3). When, as here, there are multiple appeals, the reviewing officer may prescribe special procedures to conduct the review and must inform all participants of the procedures and conduct of the appeal. *Id.* § 217.13(a)(2) & (3).

■ The Forest Service did not make a decision on the appeal until May 6, 2002. This capacious void creates a perilous procedural conundrum for both the Forest service and public participants in the appeal process. The reviewing officer consolidated seven appeals in her decision. The Forest Service did not inform any participants of any special procedures in the review. The Forest Service concedes that the decision was untimely and in violation of 36 C.F.R. § 217.8(f)(1). The Forest Service was also in violation of 36 C.F.R. § 217.13(a)(3) and (b)(1): It provided no information about the conduct of the appeal to appellants. Appellants were not informed, for example, that the appeals would be consolidated for the decision. Had the law been followed these initial problems would have been avoided.

### B. Standing

■ In order to satisfy Article III's standing requirements, "a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision". *Friends of the Earth, Inc. v. Laidlaw,* 528 U.S. 167, 180–81, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000)(citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)). "An association has standing to bring suit on behalf of its members when its members would otherwise have standing to sue in their own right, the interests at stake are germane to the organization's purpose, and neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Id.* (citing *Hunt v. Washington State Apple Advertising Commission,* 432 U.S. 333, 343, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977)).

■ The Forest Service argues that NEC cannot meet the injury-in-fact test. It argues that NEC has not alleged that its members have any interest in any national forest management outside of the

Northern Rockies, therefore NEC has not shown any injury-in-fact. The Forest Service apparently contends that because it has now ruled on NEC's RFP appeal, NEC no longer has experienced injury-in-fact.

Violation· of procedural regulations by the Forest Service caused NEC procedural harm. NEC suffered an unauthorized-and illegal—delay by the Forest Service before the agency ruled on the RFP appeal. By failing to rule on the plan appeal, the Forest Service prevented NEC from developing a full administrative record on the projects tiered to the RFP. This action in turn weakened NEC's ability to develop its record and its position on both administrative appeals and any subsequent litigation. There is injury-in-fact alleged here.

▮ The Forest Service next contends that NEC has not exhausted its administrative remedies, citing 36 C.F.R. § 217.18, because NEC did not appeal most of the fourteen other forest plans it alleges the Forest Service has delayed beyond the required 160 day decision-making date. NEC concedes it has not appealed those plans, but cites them as supporting evidence of a *de facto* pattern and practice the Forest Service follows when it refuses to make timely rulings on forest plan appeals. The administrative remedy in this case lies with the appeal of the East Beaver and Miner's Creek Timber and Prescribed Burning Project tiered to the Targhee RFP. The Forest Service denied the appeal and NEC properly filed suit. Any relief is this case is limited to the East Beaver and Miner's Creek Timber and Prescribed Burning Project, not other forest plan appeals.

## C. Mootness

▮ An action is moot when the issues presented are no longer live and the parties lack a legally cognizable interest for which the courts can grant a remedy.

*Alaska Center for the Environment v. U.S. Forest Service,* 189 F.3d 851, 854 (9th Cir. 1999). There is also an exception to the general principle of mootness for cases in which the challenged conduct is capable of repetition but evades review. *Id.* This exception is limited to extraordinary cases where "(1) the duration of the challenged action is too short to allow full litigation before it ceases, and (2) there is a reasonable expectation that the plaintiffs will be subjected to it again" *Id.* (quoting *Greenpeace Action v. Franklin,* 14 F.3d 1324, 1329 (9th Cir.1992).

▮ The Forest Service argues that is has ruled on the RFP appeal and thus no justiciable controversy remains before the Court. In my view, this proposition is erroneous. The justiciable controversy before the Court is the ability of Plaintiffs to develop a full administrative record of the East Beaver and Miner's Creek Project due to the Forest Service delay in ruling on appeals of the Targhee RFP. The practical consequence of this procedure is an uninformed record for review. This issue is not moot. The Forest Service completed the administrative process on the project prior to ruling on the plan appeal. Further "a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." *Laidlaw,* 528 U.S. at 188, 120 S.Ct. 693 (quoting *City of Mesquite v. Aladdin's Castle, Inc.,* 455 U.S. 283, 289, 102 S.Ct. 1070, 71 L.Ed.2d 152 (1982)). Having determined that this matter is not moot, the Court will consider the merits of NEC's claims.

## D. Implementation

▮ The Forest Service must not approve any request to stay the approval of a forest plan. Even so, projects or activities included in the plan may be stayed. 36 C.F.R. § 217.10(b). "Where a project or

activity would be implemented before an appeal decision could be issued, the Reviewing Officer shall consider written requests to stay implementation of that decision pending completion of the review." *Id.* § 217.10(c). To request a stay of a project or activity, an appellant must file a written request with the appeal reviewing officer providing justification of the need for a stay. *Id.* § 217.10(d).

The Forest Service argues that unless a party requests a stay of implementation of a project under 36 C.F.R. § 217.10(d), it is not required to stay any project tiered to the forest plan, regardless of whether the forest plan is under an appeal for more than 160 days. This reasoning makes the time limit for appeal resolution meaningless. On the other hand, NEC argues that the regulations contemplate situations in which appeals of a forest plan are not pending more than 160 days. This being so, the argument then asserts that all projects must be stayed when tiered to a forest plan that has been under appeal for more than 160 days. The stay remains until a decision is made on the appeal. Furthermore, NEC argues that there is regulatory authority for the Forest Service to proceed with implementation of projects tiered to a plan under appeal—and for the Forest Service to require a request for stay of implementation under 36 C.F.R. § 217.10(d)—during the 160 allowable days until a decision is made on the appeal. NEC asserts that the Forest Service may not proceed with implementation of projects tiered to a forest plan under appeal and that no request for stay of implementation is required once the 160 limit is reached. Essentially, NEC argues that the Forest Service must stop work on projects tiered to a plan until it rules on the appeals pending on the plan. Of course if this rationale is carried to its logical conclusion there would be a considerable barrier to planning and implementation of land use decisions.

■ While the regulations require the Forest Service to respond to forest plan appeals within 160 days, the regulations do not contemplate any implementation activity tiered to a forest plan that remains under appeal for more than 160 days. "When reviewing an agency's application of its own regulation, the agency's interpretation of its regulation must be given controlling weight unless it is plainly erroneous or inconsistent with the regulation." *Alaska Center for the Environment,* 189 F.3d at 857. Pursuant to statute, forest plans do not become effective until 30 days after completion of public participation. *See* 16 U.S.C. § 1604(j).

The appeals process under § 217 is part of the public participation process. By refusing to rule on appeals of forest plans within the allotted time while at the same time approving projects tiered to the forest plan, the Forest Service is preventing administrative appellants from developing full administrative records on the projects and from seeking judicial review of the forest plan, while concurrently enacting management directives tiered to the plan. This fosters uninformed decision-making, a policy not contemplated by Congress' requirement of critical public participation in the agency's decision-making process. This interpretation is not contemplated by the regulation and is arbitrary and capricious.

■ The Forest Service argues that Plaintiffs have not exhausted their administrative remedies because they have not sought an administrative stay under § 217.10. Section 217.8 requires the Forest Service to rule on a plan appeal within 160 days. By arguing that Plaintiffs have to ask for a stay for a situation not contemplated by regulation, the Forest Service seeks to shift the burden to Plaintiffs for its failure to comply with its own regulation. This argument has no merit because

the statutory and regulatory duties of the agency cannot be cavalierly cast off by agency inaction.

There are certainly occasions that arise that may require that the Forest Service take longer than 160 to decide on a forest plan appeal. If that circumstance arises, the agency may not then open projects tiered to that plan for public comment until it has ruled on the plan appeal. NEC insists that the agency may not work on any project tiered to a plan until all plan appeals are decided. Such a policy would be an unnecessary intervention into the internal workings of the agency. The Forest Service is not precluded from devoting agency resources to development of projects, but under the relevant regulations of § 217 it may not advance the project to the scoping stage and seek public input until it rules on a plan appeal.

### E. Injunctive Relief

▉ Courts apply the "traditional balance of harms analysis" to determine whether injunctive relief is appropriate. *National Parks & Conservation Association v. Babbitt,* 241 F.3d 722, 737 (9th Cir.2001); *see also Amoco Prod. Co. v. Village of Gambell,* 480 U.S. 531, 541–42, 107 S.Ct. 1396, 94 L.Ed.2d 542 (1987) (holding that unless Congress directed otherwise, "a court must balance the competing claims of injury" in determining whether injunctive relief is appropriate). When the "proposed project may significantly degrade some human environmental factor," injunctive relief is appropriate. *National Parks,* 241 F.3d at 737 (quoting *Alaska Wilderness Recreation & Tourism Association v. Morrison,* 67 F.3d 723, 732 (9th Cir.1995)).

▉ No harm to the Forest Service is caused by compliance with its own regulations. The harm to Plaintiffs here is procedural. Failure to make a timely ruling on an appeal of a forest plan prevents an administrative appellant from developing a full administrative record on any project tiered to a plan. It further bars an administrative appellant from seeking timely judicial review of the administrative decision on the plan. If the Forest service follows the law and rules on forest plan appeals as required, situations such as the Forest Service has allowed to develop here are prevented. Projects tiered to a plan under appeal cannot be implemented before the plan appeal has been decided. To hold otherwise is to acknowledge that Lewis Carroll was right when he said in *Alice in Wonderland,* "No! No! Sentence first—verdict afterwards." The rule of law follows only when the rules of law are followed. They were not in this case.

Wherefore IT IS HEREBY ORDERED that

1. The government's Motion for Summary Judgment (docket #41) is DENIED.

2. Plaintiffs' Motion for Summary Judgment (docket #) is GRANTED.

3. This matter is remanded back to the Forest Service to re-open the administrative process on the Miner's Creek Project under its regulations to allow Plaintiffs full opportunity to develop the administrative record.