**Chrystine M. LAWSON, an individual;
Campus Labor Action Coalition, an unincorporated association, Plaintiffs—Appellants,**

v.

**CITY OF SANTA BARBARA, a municipal corporation; Mike Carpenter; Richard C. Johns, in their official capacity, Defendants—Appellees.**

**No. 01–56150.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 13, 2002.

Opinion Filed Nov. 13, 2002.

Opinion Withdrawn Dec. 27, 2002.

Decided Dec. 27, 2002.

---

1. 136 F.3d 653 (9th Cir.1998).

2. *Id.* at 655.

Before WALLACE, KOZINSKI and PAEZ, Circuit Judges.

## MEMORANDUM *

1. Because Lawson can apply for a permit at most one year before the scheduled event, her as-applied challenge isn't moot, because it is "capable of repetition, yet evading review." *Biodiversity Legal Found. v. Badgley,* 309 F.3d 1166, 1173 (9th Cir.2002) (internal quotation marks omitted); *Alaska Ctr. for the Env't v. U.S. Forest Serv.,* 189 F.3d 851, 855 (9th Cir. 1999).

The district court, in a not-so-illuminating order, appears to have dismissed the case as moot. We remand for the district court to consider the merits of Lawson's as-applied claim.

2. Lawson's facial challenge, which sought relief as to the 2001 parade, is moot. Facial challenges are not restricted by time limits inherent in a permit scheme (e.g., rules that allow applications at most one year in advance); nothing in the record suggests that she couldn't raise a facial challenge far enough in advance to obtain full appellate review.

3. Lawson's complaint only asked for relief with respect to CLAC's 2001 parade. *See* E.R. at 2. Lawson, however, did offer various statements in the complaint and in affidavits obliquely suggesting that she intended to seek relief not just for the completed 2001 parade, but for future parades as well. Because Lawson may still present a live controversy as to these future parades, we remand to the district court with instructions that it grant Lawson leave to amend (if she so desires) to clarify whether she in fact seeks such future relief. *See* Fed.R.Civ.P. 15.[1]

AFFIRMED in part, REVERSED in part and REMANDED. No costs.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Of course, Lawson must still show that her claim with respect to future parades is ripe for adjudication. *See, e.g., Thomas v. Anchorage Equal Rights Comm'n,* 220 F.3d 1134, 1138–42 (9th Cir.2000) (en banc).