**Sandra KRCELIC; et al., Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 03–74423.**

United States Court of Appeals, Ninth Circuit.

Submitted June 16, 2006.*

Decided June 20, 2006.

Albert C. Lum, Esq., Law Offices of Albert C. Lum, Pasadena, CA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, District Director, Office of the District Chief Counsel U.S. Department of Home-

---

* This panel unanimously finds this case suitable for decision without oral argument.  Fed. R.App. P. 34(a)(2).

land Security, Phoenix, AZ, Emily A. Radford, Esq., Blair T. O'Connor, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before SCHROEDER, Chief Judge, GRABER, Circuit Judge, and DUFFY,** District Judge.

MEMORANDUM ***

Petitioner Sandra Krcelic, an ethnic Serb from Croatia,[1] appeals the Board of Immigration Appeals' ("BIA") decision affirming the immigration judge's ("IJ") denial of her application for asylum and withholding of removal.[2] We review for substantial evidence, *INS v. Elias–Zacarias*, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and affirm.

■ 1. The evidence does not compel a finding that Petitioner suffered past persecution. On two occasions in 1993, while Petitioner lived in Croatia with her family, bricks were thrown through the windows of the family's home. The second time, people outside the house called her father a derogatory term for a Serb. Also in 1993, her family received three or four threatening phone calls in which the callers told her family to leave Croatia or they would be killed. Those acts do not rise to the level of persecution. *See Gormley v. Ash-croft*, 364 F.3d 1172, 1176 (9th Cir.2004) (noting that persecution is "an extreme concept that does not include every sort of treatment that our society regards as offensive" (internal quotation marks and brackets omitted)); *Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir.2003) (holding that "unfulfilled threats" and a single act of physical violence in which no evidence existed that the act was officially sponsored or was connected to one of the threats, do not constitute persecution). Further, Petitioner has not shown that the incidents were due to anything more than the "[m]ere generalized lawlessness and violence" that permeated Croatia during the Croatian–Serbian civil war. *Singh v. INS*, 134 F.3d 962, 967 (9th Cir.1998).

■ 2. The evidence does not compel a finding that Petitioner has a well-founded fear of future persecution. She has not shown that "[s]he is at particular risk [or] that [her] predicament is appreciably different from the dangers faced by [her] fellow citizens." *Kotasz v. INS*, 31 F.3d 847, 852 (9th Cir.1994) (internal quotation marks omitted). Moreover, her mother, father, brother, grandparents, aunt, and cousin continue to live in Petitioner's hometown in Croatia; the last incident of harassment that they suffered occurred in 1998. *See Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir.2001) ("An applicant's claim of persecution upon return is weakened, even undercut, when similarly-situated family

---

** The Honorable Kevin Thomas Duffy, Senior Judge, United States District Court for the Southern District of New York, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Petitioner added her husband Drago Krcelic as a derivative applicant to her own asylum application.

2. Petitioner states, in the introduction to her opening brief, that she is also challenging the IJ's denial of her application for Convention Against Torture (CAT) relief. Blue brief at 1. However, the brief fails to address Petitioners' CAT claim. Accordingly, that issue is waived. *See Alaska Ctr. for Env't v. U.S. Forest Serv.*, 189 F.3d 851, 858 n. 4 (9th Cir.1999) (holding that claims not argued in the opening brief are waived).

members continue to live in the country without incident. . . .").

3. Because Petitioner has failed to show that she is eligible for asylum, she also fails to meet the more stringent standard for withholding of removal. *Lata v. INS,* 204 F.3d 1241, 1244 (9th Cir.2000).

PETITION DENIED.