**Arthur S. WEST; et al., Petitioners,**

v.

**FEDERAL AVIATION ADMINISTRATION; et al., Respondents.**

**No. 07–73094.**

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2009.*

Filed April 2, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Arthur S. West, Olympia, WA, pro se.

Jerry Dierker, Jr., Olympia, WA, pro se.

Assistant General, Esquire, U.S. Department of Transportation, General Counsel's Litigation Office, M. Alice Thurston, Ronald J. Tenpas, Esquire, U.S. Department of Justice, Washington, DC, Carolyn Lake, Goodstein Law Group, Tacoma, WA, for Respondents.

Before: LEAVY, HAWKINS, and TASHIMA, Circuit Judges.

### MEMORANDUM **

Arthur S. West and Jerry Dierker, Jr., petition pro se for review of an order of the Federal Aviation Administration ("FAA") authorizing resurfacing and strengthening of a runway at the Olympia Regional Airport. We have jurisdiction under 49 U.S.C. § 46110(a). We review an agency's determination that a particular action falls within one of its categorical exclusions under an "arbitrary or capricious" standard. *Sierra Club v. Bosworth,* 510 F.3d 1016, 1022 (9th Cir.2007). Under this standard, an agency's decision may be set aside if the court finds it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. *Morongo Band of Mission Indians v. FAA,* 161 F.3d 569, 573 (9th Cir.1998). We deny the petition.

█ The FAA's determination that the runway project falls under a categorical exclusion was not arbitrary or capricious because the project entails repair, strengthening, and resurfacing of an existing runway and does not create environmental impacts outside the airport property. *See* FAA Order 1050.1E (Mar. 20,

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

2006), at para. 310e; *Alaska Ctr. for the Env't v. U.S. Forest Serv.*, 189 F.3d 851, 857 (9th Cir.1999) (agency's interpretation of its own categorical exclusion controls unless plainly erroneous or inconsistent with terms). Petitioners' contention that the project creates off-airport environmental impacts is not supported by the record. The FAA found that "there are no anticipated noise impacts associated with the proposed project," that the project does not have the potential to impact federal and state listed endangered or threatened species or their habitat, and that the project does not pose a risk to water quality.

■ The FAA's determination that "extraordinary circumstances" do not exist was not arbitrary or capricious because the record does not indicate the project will have an impact on water quality or threatened species and the project has no anticipated noise impacts. *See* FAA Order 1050.1E (Mar. 20, 2006), at para. 304.

■ The FAA did not make an irreversible and irretrievable commitment of resources prior to conducting its environmental review because the agency's expenditures on project design did not preclude the FAA from rejecting or altering the project. *See, e.g., WildWest Institute v. Bull,* 547 F.3d 1162, 1169 (9th Cir.2008) (Forest Service's expenditures to pre-mark trees for logging did not irreversibly and irretrievably commit resources to proposed logging plan because Service retained authority to change course or alter plan).

■ The FAA was not required to perform a new environmental review after authorities decided that project construction would be spaced out over two years, rather than taking place during a single construction season, because the change was not substantial. *Cf. Klamath Siskiyou Wildlands Ctr. v. Boody,* 468 F.3d 549,

560 (9th Cir.2006) (explaining that supplemental environmental review is required when agency makes *substantial* changes in the proposed action that are relevant to environmental concerns).

In determining the runway project's impact on the environment, the FAA properly considered whether the action was related to other actions with "individually insignificant but cumulatively significant impacts." 40 C.F.R. § 1508.27(b)(7).

Petitioners' remaining contentions are unpersuasive.

**PETITION FOR REVIEW DENIED.**