FILED

MAR 22 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALLIANCE FOR THE WILD ROCKIES; et al., | No. 08-35858 |
| Plaintiffs - Appellants, | D.C. No. 6:07-cv-00071-DWM |
| v. | MEMORANDUM [*] |
| TOM TIDWELL, Regional Forester; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Argued and Submitted October 5, 2009
Portland, Oregon

Before: O'SCANNLAIN and N.R. SMITH, Circuit Judges, and WOLLE, [**] Senior
District Judge.

Alliance for the Wild Rockies and Native Ecosystems Council (together

"Plaintiffs") appeal the district court's grant of summary judgment in favor of

_____

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable Charles R. Wolle, United States District Judge for the
Southern District of Iowa, sitting by designation.

Defendant, the United States Forest Service ("Forest Service"), finding that the Forest Service did not violate the National Environmental Policy Act ("NEPA") or the National Forest Management Act ("NFMA") in approving the Cow Fly Salvage Harvest project. We affirm the judgment of the district court.

**1.** The Forest Service first challenges Plaintiffs' standing to bring this action. Because Plaintiffs' standing was not challenged before the district court, Plaintiffs need only to have made general allegations of injury resulting from the Forest Service's conduct. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). Plaintiffs did so in their complaint.

**2.** Plaintiffs claim that the Forest Service violated NEPA by failing to consider the cumulative impacts of past timber projects. NEPA establishes a mandatory process federal agencies must follow to ensure they "take a hard look at the environmental consequences of their actions." *Sierra Club v. Bosworth*, 510 F.3d 1016, 1018 (9th Cir. 2007) (quoting *Neighbors of Cuddy Mountain v. Alexander*, 303 F.3d 1059, 1070 (9th Cir. 2002)). In order to prevail, Plaintiffs must demonstrate that the Forest Service acted in an arbitrary and capricious manner when it concluded that the Cow Fly Salvage Harvest qualified as a categorical exclusion. *Alaska Ctr. for Env't v. U.S. Forest Serv.*, 189 F.3d 851, 857 (9th Cir. 1999). The Forest Service conducted a proper investigation in

analyzing the environmental consequences of the Cow Fly Salvage Harvest. The Forest Service outlined a rational connection between the facts found and the conclusions reached, and thus did not act arbitrarily and capriciously in its analysis or its conclusion. *See Bosworth*, 510 F.3d at 1023.

**3.** Plaintiffs assert the Forrest Service committed various substantive and procedural violations of NFMA, by failing to provide sufficient hiding cover and security for elk and by failing to monitor management indicator species, as required by the forest plan. We review whether the Forest Service violated NFMA, in its plan or conduct, under the arbitrary and capricious standard. *Lands Council v. McNair*, 537 F.3d 981, 994 (9th Cir. 2008) (en banc). We defer to the Forest Service so long as it supports its conclusions "with studies that the agency, in its expertise, deems reliable. The Forest Service must explain the conclusions it has drawn from its chosen methodology, and the reasons it considers the underlying evidence to be reliable." *Id*. at 994. The Forest Service did just that in its Decision Memo and its "Biological Assessment and Evaluation of Terrestrial Wildlife Species for the Cow Fly Salvage Timber Harvest." Those documents are the culmination of years of investigation. The Forest Service did not act arbitrarily and capriciously in developing a forest plan or in implementing that plan with regards to the project area. Although Plaintiffs disagree with the data gathered and

3

the conclusions drawn from that data, they are unable to demonstrate how the

Forest Service's conclusions were arbitrary and capricious.

The grant of summary judgment in favor of the Forest Service is

**AFFIRMED**.