**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL REED DORROUGH, | No. 11-17875 |
| Plaintiff - Appellant, | D.C. No. 1:08-cv-01366-LJO-GBC |
| v. | |
| M. RUFF, Chairperson, Office of Correctional Safety; EVERETT W. FISCHER, Committee Member of the Office of Correctional Safety; T. L. ROSENKRAUS; T. TURMEZEI; C. EUBANKS, Instituitonal Gang Investigator; J. STOCKER; J. GENTRY, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Argued and Submitted January 14, 2014
San Francisco, California

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: WALLACE and BYBEE, Circuit Judges, and RESTANI, Judge.[**]

Michael Reed Dorrough filed this action under 42 U.S.C. § 1983, alleging that his right to due process under the Fourteenth Amendment was violated when prison officials re-validated him as a member of the Black Guerilla Family gang. Dorrough appeals from the district court's judgment dismissing his Second Amended Complaint ("SAC"). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

"Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) is reviewed *de novo*. The facts alleged in a complaint are to be taken as true and must plausibly give rise to an entitlement to relief." *Dougherty v. City of Covina*, 654 F.3d 892, 897 (9th Cir. 2011) (internal quotation marks and citations omitted). Mere legal conclusions, however, "are not entitled to the assumption of truth." *Id.* (internal quotation marks and citation omitted). In addition, we may affirm the district court's order of dismissal "on any ground supported by the record." *Sams v. Yahoo! Inc.*, 713 F.3d 1175, 1179 (9th Cir. 2013).

The documents in Dorrough's re-validation package were properly before the district court and are properly before us now. Although these documents were

---

[**] The Honorable Jane A. Restani, Judge for the U.S. Court of International Trade, sitting by designation.

2

not physically attached to the SAC, Dorrough does not contest their authenticity and the SAC necessarily relies on them. *Id*. Furthermore, the district court took judicial notice of these documents, and Dorrough does not appeal the district court's decision to do so. As a result, Dorrough has waived any argument to that effect. *See Alaska Ctr. for the Env't v. U.S. Forest Serv.*, 189 F.3d 851, 858 n.4 (9th Cir. 1999) ("Arguments not raised in opening brief are waived.").

The prison officials complied with the requirements that they provide Dorrough with "some notice of the charges against him and an opportunity to present his views to the prison official charged with deciding whether to transfer him to administrative segregation." *See Bruce v. Ylst*, 351 F.3d 1283, 1287 (9th Cir. 2003) (internal quotation marks and citation omitted). As a result, the sole issue is whether there was "some evidence" to support Dorrough's re-validation.

Whether there was "some evidence" to support Dorrough's re-validation is a question of law. *See Castro v. Terhune*, 712 F.3d 1304, 1314 (9th Cir. 2013).

> "Some evidence" review requires us to ask only whether there is *any evidence* in the record that could support the conclusion. This test is minimally stringent. Accordingly, we do not examine the entire record, independently assess witness credibility, or reweigh the evidence. Evidence only must bear some indicia of reliability to be considered "some evidence." Moreover, evidence may qualify as "some evidence," even if it does not logically preclude[ ] any conclusion but the one reached.

3

*Id.* (alteration in original) (internal quotation marks and citations omitted).

The district court properly dismissed Dorrough's complaint because more than one of the source items in his re-validation package bear "some indicia of reliability." For example, we have held that "[p]roof that a[] [confidential] informant previously supplied reliable information is sufficient" to establish reliability. *Zimmerlee v. Keeney*, 831 F.2d 183, 187 (9th Cir. 1987). Here, the prison officials indicated that both the March 30, 2006, and April 27, 2006, confidential informants were considered reliable because "[p]art of the information provided by the source(s) ha[d] already proven to be true." These confidential informants were also considered reliable because the "source[s] incriminated [themselves] in a criminal activity at the time of providing the information." Either of these bases is sufficient indicia of reliability under the minimally-stringent "some evidence" standard. Therefore, "some evidence" supported Dorrough's re-validation as a BGF gang member, and Dorrough was not denied due process as a matter of law.

Finally, even assuming the district court failed to evaluate the documents in the re-validation package, it would be "pointless" to remand the case because the record is "adequately developed such that no rational jury (or jurist) could find for

4

[Dorrough]." *Castro*, 712 F.3d at 1314 (internal quotation marks and citation omitted).

**AFFIRMED.**