**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALLIANCE FOR THE WILD ROCKIES; FRIENDS OF THE WILD SWAN; NATIVE ECOSYSTEMS COUNCIL, non-profit organizations, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> CHIP WEBER, in his official capacity as the Forest Supervisor for the Flathead National Forest; FAYE KRUEGER, in her official capacity as Regional Forester for the United States Forest Service, Region One; UNITED STATES FOREST SERVICE, an agency of the U.S. Department of Agriculture; U.S. FISH & WILDLIFE SERVICE, an agency of the U.S. Department of Interior, <br><br> Defendants - Appellees. | No. 13-36157 <br><br> D.C. No. 9:12-cv-00090-DLC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, Chief District Judge, Presiding

Argued and Submitted May 3, 2016

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Portland, Oregon

Before: TASHIMA, TALLMAN, and HURWITZ, Circuit Judges.

Alliance for the Wild Rockies, Friends of the Wild Swan, and Native Ecosystems Council (hereinafter collectively "Alliance") appeal the district court's summary judgment in favor of the United States Forest Service. We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court's judgment.

**1.** The Forest Service reasonably determined that the Project presented no "extraordinary circumstances" and was categorically excluded from further documentation under the National Environmental Policy Act (NEPA), 42 U.S.C. § 4331 *et seq*. *See* 36 C.F.R. § 220.6(a), (e)(6). The Biological Assessment for Bull Trout and the Decision Memo were thorough and covered all of the substantive areas that were relevant to bull trout and bull trout critical habitat: (1) bank stability, (2) temperature alterations, and (3) water yield. As the district court noted, "[t]his Project is the most innocuous logging project to be challenged in this court to date." The Project was dramatically reduced in scope after public comment, implicates no road building activity, and prohibits thinning within 50 feet of a waterway unless hand tools are used and the Forest Service consults with an on-site expert. The record shows that the Forest Service's "no effect" finding was "based on a consideration of the relevant factors" and there was no "clear error

2

of judgment." *Alaska Ctr. for Env't v. U.S. Forest Serv.*, 189 F.3d 851, 859 (9th Cir. 1999) (citation omitted).

**2.** The district court properly held that the Forest Service fully complied with the Endangered Species Act (ESA), 16 U.S.C. § 1531 *et seq*. The Forest Service reasonably concluded that the Project would have "no effect" on bull trout or bull trout critical habitat, and thus had no duty to consult under section 7 of the ESA. *See Karuk Tribe of Cal. v. U.S. Forest Serv.*, 681 F.3d 1006, 1027 (9th Cir. 2012).

Costs are awarded to Appellees.

**AFFIRMED.**

3