NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 7 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NATIVE ECOSYSTEMS COUNCIL; MONTANA ECOSYSTEMS DEFENSE COUNCIL, Plaintiffs-Appellants, v. LEANNE MARTEN, in her official capacity as Regional Forester of Region One U.S. Forest Service; UNITED STATES FOREST SERVICE; BILL AVEY, in his official capacity as Supervisor of the Helena-Lewis & Clark National Forest., Defendants-Appellees. | No. 19-35084 D.C. No. 9:17-cv-00077-DLC MEMORANDUM* |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, Chief District Judge, Presiding

Argued and Submitted March 5, 2020
Seattle, Washington

Before: IKUTA and R. NELSON, Circuit Judges, and OLIVER,** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Solomon Oliver, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

Appellants Native Ecosystems Council and Montana Ecosystems Defense Council (collectively, "NEC") allege that Appellees violated the National Forest Management Act ("NFMA") and National Environmental Policy Act ("NEPA") by pursuing the Johnny Crow Wildlife Habitat Improvement Project (the "Project"). The district court granted summary judgment to Appellees. We review that decision de novo, *Alaska Ctr. For Env't v. U.S. Forest Serv.*, 189 F.3d 851, 857 (9th Cir. 1999), and affirm.

We begin with NEC's claim that Appellees' decision to use ecosystem management as an analytical framework violates NFMA and NEPA. NEC's claim "seek[s] wholesale improvement" of an internal decision-making process. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 891 (1990) (emphasis omitted). The agency's decision to use a particular analytical framework is not a discrete "agency action" and cannot be challenged under the Administrative Procedure Act. *See* 5 U.S.C. § 551(13); *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 65 (2004) ("[W]hen an agency is compelled by law to act . . . but the manner of its action is left to the agency's discretion, a court can compel the agency to act, but has no power to specify what the action must be.").

NEC's other NFMA claims regarding an alleged 1982 baseline, seclusion habitat, annual reports, public participation, and hiding cover requirements are all meritless. Each argument is belied by the record, which demonstrates, for

example, that the Project will provide sufficient elk hiding cover, and that the agency has considered the effect of limited conifer removal on species requiring seclusion. We therefore defer to the Forest Service's judgment on these issues. *See N. Plains Res. Council, Inc. v. Surface Transp. Bd.*, 668 F.3d 1067, 1075 (9th Cir. 2011) ("A court generally must be at its most deferential when reviewing scientific judgments and technical analyses within the agency's expertise.") (internal quotation omitted). We pause only to note that Appellees' failure to produce a report in 2016 does not make their decision to pursue the Project arbitrary and capricious. *See Native Ecosystems Council v. Weldon*, 697 F.3d 1043, 1058 (9th Cir. 2012) (holding that a reporting inadequacy does not violate NFMA absent a causal link between the inadequacy and the challenge to the project).

Finally, NEC's NEPA claims regarding Appellees' decision to adopt the Project under a categorical exclusion and alleged tiering to a 1993 Landscape Analysis are also meritless. Appellees are entitled to deference with respect to their decision to proceed by way of categorical exclusion. *Alaska Ctr. for the Env't*, 189 F.3d at 859. The record confirms that Appellees considered the appropriate factors when determining whether to proceed by way of categorical exclusion, including whether the cumulative effects and effects on the inventoried roadless areas presented extraordinary circumstances precluding application of the

exclusion.  Finally, there is no evidence in the record that Appellees unlawfully tiered their analysis.

**AFFIRMED.**