## In re GRAND JURY PROCEEDINGS Kenneth KLAYMAN, Witness.

## Philip A. DEMASSA, Intervenor and Real Party In Interest, Appellant,

v.

## UNITED STATES of America, Appellee.

### No. 84–6359.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 5, 1985.

Decided May 6, 1985.

Thomas A. Johnston, Law Offices of Barry Tarlow, Los Angeles, Cal., for appellant.

Herbert B. Hoffman, San Diego, Cal., for appellee.

Before GOODWIN, WALLACE, and REINHARDT, Circuit Judges.

WALLACE, Circuit Judge:

DeMassa appeals the district court's order that promised to hold Klayman in contempt if Klayman continued to refuse to answer certain questions during the grand jury investigation of DeMassa. DeMassa subsequently moved to dismiss the appeal on the ground that the controversy is now moot. We have jurisdiction under 28 U.S.C. § 1291. We agree that the controversy is moot and do not reach the merits.

## I

In connection with a grand jury investigation of DeMassa, the government called Klayman, an attorney, to testify. Klayman refused to answer certain questions relating to a real estate transaction involving DeMassa, asserting that his answers were protected by the attorney-client privilege. The government filed a motion for an order to show cause why Klayman should not be held in contempt of court for refusing to answer these questions. DeMassa filed a motion to intervene as the real party in interest for the purpose of asserting the attorney-client privilege. At the hearing to show cause, the district court granted DeMassa's motion to intervene and ordered Klayman to make an *in camera* submission of his answers to the contested questions. After reviewing Klayman's answers, the district judge issued an order promising to hold Klayman in contempt if he continued to refuse to answer the questions, reasoning that the attorney-client privilege did not cover them.

DeMassa filed an immediate notice of appeal from this order. A few days later, the grand jury returned a superseding indictment against DeMassa and, shortly thereafter, the grand jury was dismissed. DeMassa then filed a motion to dismiss this appeal on the ground that, because the district court can no longer require Klayman to answer the contested questions before the grand jury, the controversy is moot.

## II

Our authority under article III of the Constitution is limited to actual cases and controversies. *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 546, 96 S.Ct. 2791, 2796, 49 L.Ed.2d 683 (1976). The controversy in this case died when the order threatening contempt expired with the dismissal of the grand jury. This ordinarily would defeat jurisdiction. *See id.*

The Supreme Court has recognized an exception to this ordinary rule, however, when the underlying dispute between the

parties is capable (1) of repetition and (2) of evading review. *See, e.g., id., citing Southern Pacific Terminal Co. v. ICC,* 219 U.S. 498, 515, 31 S.Ct. 279, 283, 55 L.Ed. 310 (1911). Here, the government has stated unequivocally that it intends to call Klayman as a witness at DeMassa's trial and will ask the same questions Klayman refused to answer during the grand jury proceedings. Klayman has stated that if this happens he will again assert the privilege. Thus, the underlying dispute is capable of repetition among these parties.

██ But although the dispute may arise again, it is not likely to escape review, as the parties can file pretrial motions *in limine* and may also seek timely reviews from the appropriate adverse determinations. Thus, the exception to the live controversy limitation on our power is inapplicable. To hold otherwise would result in the exception swallowing the rule, in total disregard of article III.

Our decision in *Bursey v. United States,* 466 F.2d 1059 (9th Cir.1972) (*Bursey* ), is not to the contrary. There, we held that a controversy involving the confinement of witnesses who refused to identify certain persons before a grand jury did not die with the expiration of the grand jury term. *Id.* at 1088. But our holding was not as broad as the government suggests. We stressed that "the history of this case, together with the related litigation growing out of the same incidents[,]" *id.* at 1089, showed that the same controversy between the government and these witnesses was likely to repeat itself "before another *grand jury.*" *Id.* (emphasis added). If another grand jury proceeding would be of short duration, review of the new controversy might be equally difficult. Implicit in our decision was the consideration that at that time there was no method of prompt appellate testing of similar contempt orders during the life of the grand jury. We also stressed that the compulsion of testimony in *Bursey* implicated first amendment interests. *Id.* at 1085–86, 1088–89. Our special solicitude for first amendment freedoms, *see Broadrick v. Oklahoma,* 413 U.S. 601, 611–12, 93 S.Ct. 2908, 2915, 37 L.Ed.2d 830 (1973), strongly

influenced our decision that postponement of a ruling in that particular controversy was "not in the interests of the public, the Government, or the witnesses." *Bursey,* 466 F.2d at 1089.

None of the special *Bursey* circumstances relating to the difficulty of future review or to the public interest in an immediate decision is present here. Moreover, Klayman was never actually held in contempt by the district court, which act would have triggered expedited review. The parties are fully capable of making pretrial motions *in limine* to determine the district court's response to Klayman's anticipated refusal to testify at trial. They can seek review of an appropriate decision involving that controversy if and when it arises, and can even obtain expedited review if the court actually holds Klayman in contempt.

APPEAL DISMISSED.