**In re GRAND JURY PROCEEDINGS.**

**Appeal of John DOE.**

**No. 88–15455 (Sealed Case).**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 6, 1988.*

Feb. 2, 1989.

---

**OPINION**

Before TANG, THOMPSON and O'SCANNLAIN, Circuit Judges.

DAVID R. THOMPSON, Circuit Judge:

Appellant John Doe is a target of a  for disposition without oral argument.  Fed.R.

---

* The panel unanimously finds this case suitable

grand jury investigation.[1] Mary Roe, an attorney, represented Doe in certain proceedings in the United States District Court for the Northern District of California. The grand jury subpoenaed Roe. Doe moved to quash the subpoena on the ground that the attorney-client privilege and work product doctrine prevented disclosure of the information the grand jury sought from attorney Roe. The government opposed the motion. It contended the crime-fraud exception applied. In support of this contention, it submitted material which the district court reviewed *in camera*. The district court rejected Doe's request to examine this material, and ordered Roe to testify except as to her "opinion fact product" or her "mental impressions." Doe appeals. We affirm.

## APPELLATE JURISDICTION

We have jurisdiction under the *Perlman* doctrine. *In re Grand Jury Subpoena Dated June 5, 1985*, 825 F.2d 231, 236–37 (9th Cir.1987); *In re Grand Jury Subpoenas Duces Tecum*, 695 F.2d 363, 365 (9th Cir.1982); *see also Perlman v. United States*, 247 U.S. 7, 38 S.Ct. 417, 62 L.Ed. 950 (1918).

## ANALYSIS

There is no question that Roe was Doe's attorney at the time she obtained the information the grand jury seeks. The questions before us are (1) whether Doe was denied due process by the district court's *in camera* inspection of materials submitted by the government in support of its contention that the crime-fraud exception applies in this case, and (2) whether the district court erred in concluding that the government had established a *prima facie* case for the application of the crime-fraud exception.

App.P. 34(a); 9th Cir. R. 34–4.

1. All documents and briefs in this matter have been filed under seal to protect the secrecy of ongoing grand jury proceedings. The true names of appellant Doe and his former attorney

### 1. *The In Camera Inspection*

This Circuit has not decided whether district courts may examine evidence of the crime-fraud exception *in camera* to determine whether the attorney-client privilege, or work product doctrine, may be invoked to suppress a grand jury subpoena. Other circuits which have considered the question of *in camera* inspection generally condone the practice. *See, e.g., In re Antitrust Grand Jury*, 805 F.2d 155, 161–62 (6th Cir.1986); *In re Grand Jury Proceedings*, 723 F.2d 1461, 1467 (10th Cir.1983), *on remand*, 727 F.2d 941 (10th Cir.), *cert. denied*, 469 U.S. 819, 105 S.Ct. 90, 83 L.Ed. 2d 37 (1984); *In re Grand Jury Proceedings—Gordon, Witness*, 722 F.2d 303, 309–10 (6th Cir.1983), *cert. denied*, 467 U.S. 1246, 104 S.Ct. 3524, 82 L.Ed.2d 831 (1984); *In re Grand Jury Proceedings*, 708 F.2d 1571, 1576 (11th Cir.1983) [hereinafter *Freeman*]; *In re Grand Jury Proceedings*, 674 F.2d 309, 310 (4th Cir.1982); *In re Special September 1978 Grand Jury*, 640 F.2d 49, 56–57 (7th Cir.1980). *Compare In re Grand Jury Subpoena*, 567 F.2d 1183, 1189 (2d Cir.1977) [hereinafter *Taylor*] (holding that *in camera* was improper) *with In re John Doe Corp.*, 675 F.2d 482, 490 (2d Cir.1982) (distinguishing *Taylor* because the government had no legitimate secrecy interest in *Taylor*).

Typically, these cases justify *in camera* inspection by noting that disclosure of sensitive grand jury materials to the target of the investigation could seriously impede the function of the grand jury. *See, e.g., In re Antitrust Grand Jury*, 805 F.2d 155, 162 (6th Cir.1986). This is the situation in the present case. The grand jury is currently investigating Doe. Both the government and the grand jury have a substantial interest in maintaining the secrecy of the materials submitted for the district court's *in camera* inspection. Under these circumstances, the balance is weighted in favor of maintaining secrecy of the grand jury proceedings. *See Antitrust Grand*

Mary Roe are not revealed in this opinion. *See In re Two Grand Jury Subpoenae Duces Tecum*, 769 F.2d 52, 53 (2d Cir.1985); Fed.R.Crim.P. 6(e)(6).

*Jury,* 805 F.2d at 161–62. Accordingly, we hold that Doe was not denied due process by the district court's *in camera* inspection of the materials upon which the government based its showing of the crime-fraud exception.

## 2. *The Crime–Fraud Exception*

■ The purpose of the attorney-client privilege is to encourage clients to communicate freely and completely with their attorney. *See Commodity Futures Trading Comm'n v. Weintraub,* 471 U.S. 343, 348, 105 S.Ct. 1986, 1990, 85 L.Ed.2d 372 (1985); *Tornay v. United States,* 840 F.2d 1424, 1426 (9th Cir.1988). But all reasons for the privilege are eviscerated when a client consults an attorney for legal assistance to carry out a contemplated or ongoing crime. *Clark v. United States,* 289 U.S. 1, 15, 53 S.Ct. 465, 469, 77 L.Ed. 993 (1933); *United States v. Berry,* 627 F.2d 193, 200 (9th Cir.1980), *cert. denied,* 449 U.S. 1113, 101 S.Ct. 925, 66 L.Ed.2d 843 (1981); 2 J. Weinstein & M. Berger, Weinstein's Evidence ¶ 503(d)(1)[01] (1988). To defeat the attorney-client privilege, a *prima facie* case of the existence of the crime-fraud exception must be established. In this circuit, we require that the *prima facie* showing be made from evidence independent of the communications between the client and the attorney. *United States v. Shewfelt,* 455 F.2d 836, 840 (9th Cir.), *cert. denied,* 406 U.S. 944, 92 S.Ct. 2042, 32 L.Ed.2d 331 (1972); *United States v. Zolin,* 842 F.2d 1135, 1136 (9th Cir.) (en banc), *cert. granted,* —— U.S. ——, 109 S.Ct. 257, 102 L.Ed.2d 246 (1988). In the present case, the government made the required independent showing by the material which the district court reviewed *in camera.* The district court noted in its order that, based upon its review of this material there was reasonable cause to believe that, beginning in the spring of 1987 and continuing through April of 1988, there was an ongoing conspiracy by [Doe] and others to commit a crime, and that the witness-attorney's [Roe's] legal services were utilized by [Doe] and others in furtherance of the ongoing unlawful scheme.

We have also examined this material, and agree with the district court that the government has made a *prima facie* case for the crime-fraud exception.

## 3. *The District Court's Order*

■ While the district court concluded that the materials it reviewed established a *prima facie* case that Doe and others were engaged in criminal activity, and that Doe had employed Roe in furtherance of that activity, it determined that the government had failed to make a *prima facie* showing that Roe knowingly participated in any criminal activity. Based upon this distinction, the district court required Roe to testify concerning "fact work product," but upheld her refusal to testify to "opinion work product" or "mental impressions" formulated in the course of her representation. *Cf. In re Antitrust Grand Jury,* 805 F.2d 155, 163–64 (6th Cir.1986) (distinguishing between fact and opinion work product); *In re Special September 1978 Grand Jury,* 640 F.2d 49, 63 (7th Cir.1980) (same). The district court ordered that (1) Roe "must obey the subpoena and appear before the grand jury and answer all unprivileged questions and all questions otherwise privileged that are no longer privileged by virtue of the crime/fraud exception"; (2) that Roe must answer all "questions not calling for disclosure of confidential communications, including those with or witnessed by third parties not encompassed by the [attorney-client] privilege"; (3) that Roe must answer "questions, whether or not related to confidential communications, concerning [her] representation of [Doe] in the ... matter [then] pending" before the United States District Court for the Northern District of California; and (4) that Roe had the right not to disclose "opinion work product" as distinguished from "fact work product" in connection with her representation of Doe. We hold that the district court did not abuse its discretion in entering this order.

AFFIRMED.