962 F.2d 13
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re GRAND JURY RECALCITRANT WITNESS.
John DOE, Witness-Appellant,
v.
UNITED STATES of America, Appellee.
 No. 92-35036.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 5, 1992.
Decided May 11, 1992.
 
 1
 Before WALLACE, Chief Judge, GOODWIN, Circuit Judge, and CROCKER,* District Judge.
 
 MEMORANDUM
 
 2
 Doe appeals from the district court's order denying his motion to quash grand jury subpoenas and granting the government's motion to direct compliance with the subpoenas. The district court had jurisdiction pursuant to 28 U.S.C. § 1331, and we have jurisdiction to review the order. See In re Grand Jury Proceedings, 867 F.2d 539, 540 (9th Cir.1989); In re Grand Jury Subpoena Dated June 5, 1985, 825 F.2d 231, 236-37 (9th Cir.1987). We review the district court's denial of the motion to quash grand jury subpoenas for abuse of discretion. In re Grand Jury Subpoenas, 803 F.2d 493, 496 (9th Cir.1986), modified, 817 F.2d 64 (9th Cir.1987). We review the district court's determinations as to the scope of privilege de novo, and its underlying factual determinations for clear error. See United States v. Laurins, 857 F.2d 529, 541 (9th Cir.1988), cert. denied, 492 U.S. 906 (1989). We affirm.
 
 
 3
 Doe contends that the district court abused its discretion by denying his motion to quash grand jury subpoenas and granting the government's motion to direct compliance with the subpoenas. Doe first argues that the district court erred by holding that the attorney-client privilege did not protect the communications between him and attorneys regarding the telecommunications deal. The attorney-client privilege does not protect communications between an attorney and client that further a crime or fraud, even if the attorney is unaware that his advice may further an illegal purpose. Id. at 540. Attorney-client communications can be elicited if the government makes a prima facie showing that the communications were in furtherance of an intended or present illegality of sufficient seriousness and that there is some relationship between the communications and the illegality. See id.
 
 
 4
 The government presented evidence that the telecommunications deal was a fraud designed to placate investors in Doe's enterprise. One of Doe's attorneys told an investor that the telecommunications deal rested on three contracts and that they were legally enforceable. Two other of his attorneys prepared at least two of these contracts. Subsequently, purported signatories to the contracts testified that their signatures were forged. This evidence shows that the district court properly determined that the government satisfied its burden of making a prima facie showing that the communications were in furtherance of an intended or present illegality of sufficient seriousness and that there is some relationship between the communications and the illegality.
 
 
 5
 Doe argues in the alternative that because the government can use less intrusive means to obtain the same information it seeks from the attorneys, their communications with Doe are privileged. But we do not require the government to show either relevance or legitimate need in order for the court to enforce a grand jury subpoena. See In re Grand Jury Proceeding, 721 F.2d 1221, 1222-23 (9th Cir.1983). A fortiori, the government is not required to show the unavailability of less intrusive means to secure evidence.
 
 
 6
 Therefore, the district court did not abuse its discretion by denying Doe's motion to quash the grand jury subpoenas and granting the government's motion to direct compliance with them. Because we affirm the district court on this ground, we need not reach the government's remaining contention of an alternate basis for affirmance.
 
 
 7
 AFFIRMED.
 
 
 
 *
 Honorable M.D. Crocker, United States District Judge, Eastern District of California, sitting by designation