76 F.3d 386
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In Re GRAND JURY NO. 94-1.
 No. 95-50302.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 9, 1996.*
Decided Jan. 31, 1996.
 
 Before: BRIGHT**, SKOPIL, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 This is an appeal of the district court's order compelling an attorney to testify before a grand jury. The attorney had invoked the attorney-client privilege before the grand jury. The district court ruled that the crime-fraud exception applies. We agree and affirm.
 
 
 3
 We have held that the attorney-client privilege does not extend to "communications which solicit or offer advice for the commission of a crime or fraud." In re Grand Jury Subpoena 92-1(SJ), 31 F.3d 826, 829 (9th Cir.1994) (internal quotation omitted). To invoke the crime-fraud exception to the privilege, the government must make a prima facie showing "that the attorney was retained in order to promote intended or continuing criminal or fraudulent activity." United States v. De La Jara, 973 F.2d 746, 748 (9th Cir.1992) (internal quotations omitted). An in camera review of privileged information may be used to establish whether the crime-fraud exception applies. United States v. Zolin, 491 U.S. 554, 572 (1989). The government must merely make a threshold showing "of a factual basis adequate to support a good faith belief by a reasonable person that in camera review of the materials may reveal evidence to establish the claim that the crime-fraud exception applies." Id. (internal quotation and citation omitted).
 
 
 4
 We agree with the district court that the government made a sufficient showing to support a reasonable good-faith belief that review of the privileged documents could reveal evidence to establish the crime-fraud exception. We also agree that the government established the prima facie evidentiary showing necessary to invoke the crime-fraud exception. The district court found that the public and in camera materials suggest that the attorney "was contacted with the specific purpose of assisting in further crime." This is precisely what the government was required to demonstrate. See De La Jara, 973 F.2d at 748.
 
 
 5
 We reject the argument that the district court's in camera review violates due process. See In re Grand Jury Proceedings, 867 F.2d 539, 541 (9th Cir.1989) (district court's in camera inspection of materials upon which the government based its showing of the crime-fraud exception does not violate due process); see also In re Grand Jury Proceedings, 33 F.3d 342, 351-53 (4th Cir.1994) (same); In re John Doe, Inc., 13 F.3d 633, 635-37 (2d Cir.1994) (same).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Myron H. Bright, Senior United States Circuit Judge, Eighth Circuit Court of Appeals, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3