BYE, Circuit Judge,
concurring in part and dissenting in part.
I join in the Court’s decision in Section 11(A) affirming the district court’s application of the crime-fraud exception to the attorney-client privilege. However, I would conclude the district court erred in its application of the crime-fraud exception to J.P.’s assertion of the work product privilege because of the great protection afforded opinion work product. I therefore respectfully dissent from Section 11(B) of the Court’s opinion, and from the Court’s judgment.
Historically, a lawyer’s mental impressions, conclusions, opinions, and legal theories have been afforded substantial protection in order to secure the lawyer’s effective advocacy and representation of his or her clients’ interests. In re Special September 1978 Grand Jury (II), 640 F.2d 49, 63 (7th Cir.1980). “It has been a very rare case, indeed, in which inquiry has been permitted into the internal operation of the lawyer’s office.” Id. (citing 4 J. Moore, Federal Practice P. 26.03(8) at 394 (2d ed.1979)). The Supreme Court has cautioned against the unjustified invasion of a lawyer’s work product and the severe consequences that follow from such an action:
Historically, a lawyer is an officer of the court and is bound to work for the advancement of justice while faithfully protecting the rightful interests of his clients. In performing his various duties, however, it is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel. Proper preparation of a client’s case demands that he assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference. That is the historical and the necessary way in which lawyers act within the framework of our system of jurisprudence to promote justice and to protect their clients’ interests. This work is reflected, of course, in interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and countless other tangible and intangible ways-aptly though roughly termed by the Circuit Court of Appeals in this case as the “Work product of the lawyer.” Were such materials open to opposing counsel on mere demand, much of what is now put down in writing would remain unwritten. An attorney’s thoughts, heretofore inviolate, would not be his own. Inefficiency, unfairness and sharp practices would inevitably develop in the giving of legal advice and in the preparation of cases for trial. The effect on the legal profession would be demoralizing. And the interests of the clients and the cause of justice would be poorly served.
Hickman v. Taylor, 329 U.S. 495, 510-511, 67 S.Ct. 385, 91 L.Ed. 451 (1947) (internal citation omitted). Our circuit has interpreted Hickman and its progeny to afford opinion work product “nearly absolute immunity.” In re Murphy, 560 F.2d 326, 336 (8th Cir.1977).
In In re Green Grand Jury Proceedings, 492 F.3d 976, 980 (8th Cir.2007), this court reaffirmed “[ojpinion work product ... enjoys nearly absolute immunity and can be discovered only in very rare and extraordinary circumstances” upon a compelling showing. Even if a client uses a lawyer’s services to commit a fraud, the lawyer may continue to assert the work product privilege as long as he or she is unaware of the client’s conduct. Id. at 981; In re Grand Jury Proceedings, 867 F.2d 539, 541 (9th Cir.1989); 1978 Grand *917 Jury, 640 F.2d at 63 (“We are persuaded, however, that the attorney’s mental impressions, conclusions, opinions, and legal theories must still be protected in order to avoid an invasion of the attorney’s necessary privacy in his work, an invasion not justified by the misfortune of representing a fraudulent client.”) (emphasis added).
I do not believe the instant matter presents the “rare and extraordinary” case where J.P.’s opinion work product may be discovered because there has not been a compelling showing justifying such a demanding intrusion. Even if the government established a prima facie case that G.S. and F.S. were engaged in criminal activity, and they used J.P.’s advice in furtherance of that activity, the government failed to establish J.P. himself knowingly participated in any criminal activity.
Notably, the district court relies on J.P.’s knowledge of the $52,000 stock transfer from G.S. to H.B. in support of its determination to compel production of J.P.’s opinion work product. However, contrary to the government’s assertion, it appears this transaction was merely a loan whereby the stock was pledged as collateral in order for G.S. to maintain his lifetime healthcare coverage associated with the stock. The stock remained an asset of G.S., and therefore an asset of the bankruptcy estate, which was explicitly disclosed on both the personal property and secured creditor schedules attached to G. S.’s bankruptcy filing. Moreover, a review in camera, at best, demonstrates J.P. helped G.S. effectuate the loan; it does not establish J.P. assisted G.S. or F.S. in wrongly reacquiring the stock, or any other assets, post bankruptcy. See Murphy, 560 F.2d at 336 n. 19 (noting opinion work product may not be immune if it contains inculpatory evidence of the attorney’s criminal activity). J.P. testified he was not aware G.S. reacquired the stock until the day of his grand jury testimony. Indeed, there is no dispute J.P.’s representation ceased prior to G.S. and F.S. filing for bankruptcy, a task which was accomplished for them utilizing another lawyer.
The above circumstances demonstrate J.P.’s conduct appears more aligned with legitimate exemption planning than fraudulent activity. “It is well settled that the mere conversion of non-exempt assets to exempt assets is not in itself fraudulent.” In re Addison, 540 F.3d 805, 813 (8th Cir.2008) (citation omitted). Given the near absolute immunity afforded opinion work product, I believe the government failed to present a compelling showing that J.P. was knowingly complicit in any criminal activity. In cases such as this, I believe the freedom from intrusion lawyers enjoy and require for their opinion work product must be protected in order to best serve their clients’ interests and maintain the integrity of our legal system. Accordingly, I would conclude the district court erred by applying the crime-fraud exception.
I therefore respectfully dissent.