**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

IN RE GRAND JURY INVESTIGATION,

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

CINDY OMIDI; MICHAEL OMIDI;
SURGERY CENTER MANAGEMENT; 1-
800-GET-THIN, LLC; VALENCIA
AMBULATORY SURGERY CENTER,
LLC; SAN DIEGO AMBULATORY
SURGERY CENTER, LLC; JULIAN
OMIDI,
        *Respondents-Appellants*.

No. 15-50450

D.C. No.
2:15-cm-01014-
UA-1

OPINION

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted
December 7, 2015—Pasadena, California

Filed January 14, 2016

Before:  Ronald M. Gould and Marsha S. Berzon, Circuit Judges, and George Caram Steeh III,[*] Senior District Judge.

Opinion by Judge Gould

## SUMMARY[**]

### Crime-Fraud Exception

The panel vacated the district court's order granting the government's ex parte motion to compel production of attorney-client documents, and remanded for the district court to inspect the subpoenaed documents in camera to determine which specific documents contain communications in furtherance of the crime-fraud exception to the attorney-client privilege.

The panel held that while in camera review is not necessary to establish a prima facie case that the client was engaged in or planning a criminal or fraudulent scheme when it sought the advice of counsel to further the scheme, a district court must examine the individual documents themselves to determine that the specific attorney-client communications for which production is sought are

---

[*] The Honorable George Caram Steeh III, Senior District Judge for the U.S. District Court for the Eastern District of Michigan, sitting by designation.

[**] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

sufficiently related to and were made in furtherance of the intended, or present, continuing illegality.

## COUNSEL

Robert A. Kashfian, Ryan D. Kashfian (argued), Kashfian & Kashfian LLP, Century City, California, for Respondents-Appellants Cindy Omidi, et al.

Robert J. Rice, Los Angeles, California, for Respondent-Appellant Julian Omidi.

Kristen A. Williams, Evan J. Davis, Assistant United States Attorneys, Major Frauds Section; Consuelo S. Woodhead (argued), Assistant United States Attorney, Criminal Appeals Section, Los Angeles, California, for Plaintiff-Appellee.

## OPINION

GOULD, Circuit Judge:

This appeal concerns the district court's order granting the government's ex parte motion to compel production of attorney-client documents. In a memorandum disposition filed concurrently with this opinion, we affirm that we have jurisdiction to review this issue, and we affirm the district court's conclusion that the government produced sufficient evidence to invoke the "crime-fraud" exception to attorney-client privilege. For the reasons stated herein, we vacate the order and remand for the district court to inspect the subpoenaed documents in camera to determine which specific

documents contain communications in furtherance of the crime-fraud and must be produced.

# I

1-800-GET-THIN was a call center that marketed the LapBand—a surgically inserted device designed to treat obesity—for surgical medical facilities.  In December 2010, the director and health officer for Los Angeles County Public Health, Dr. Jonathan Fielding, sent a letter to the FDA raising concerns that 1-800-GET-THIN advertisements (large billboards, bus placards, and direct mail) were "inadequately inform[ing] consumers of potential risks" of LapBand surgery.  After 1-800-GET-THIN received Fielding's letter from a local columnist, the company—through counsel Robert Silverman—sent its own letter to the FDA disputing many of Fielding's assertions and attempting in various ways to dissuade the FDA from investigating.

Despite Silverman's letter, the FDA opened an investigation and sent warning letters to 1-800-GET-THIN and a few surgery centers in California.  The letters stated that the FDA believed 1-800-GET-THIN's LapBand advertising violated the Food, Drug, and Cosmetic Act (FDCA) by not providing "relevant risk information regarding the use of the LapBand, age and other qualifying requirements for the LapBand procedure, and the need for ongoing modification of eating habits."  As new counsel for 1-800-GET-THIN, Peter Reichertz responded by letter to the FDA warning letter. Attorney Konrade Trope responded on behalf of the surgery centers.

The government alleged that these responses contained false statements designed to obstruct the FDA investigation.

Under the crime-fraud exception to attorney-client privilege, grand jury subpoenas were issued to the three lawyers to produce "(1) all communications relating to their correspondence to the FDA, including documents and notes showing the information received and identifying the sources of information for the statements and representations made and (2) retainer agreements and billing records identifying the client(s) who retained and paid for their services in communicating with the FDA on the subject matter of the correspondence." The attorneys provided some information, but they did not fully comply with the subpoenas.

The government filed a motion to compel compliance with the subpoenas. Without reviewing any documents in camera, the district court determined from independent, non-privileged evidence that the government had established a prima facie case that the lawyers' services were obtained "in furtherance of and . . . sufficiently related to ongoing" crimes, i.e., false statements to and obstruction of the FDA. *See In re Grand Jury Proceedings*, 87 F.3d 377, 382 (9th Cir. 1996). The district court rejected the argument that in camera review of the privileged documents was necessary to determine whether the government established a prima facie case of crime-fraud. The district court granted the government's motion to compel production of all "matters identified in the subpoenas."

## II

While the attorney-client privilege is "arguably most fundamental of the common law privileges recognized under Federal Rule of Evidence 501," it is "not absolute." *In re Napster, Inc. Copyright Litig.*, 479 F.3d 1078, 1090 (9th Cir. 2007), *abrogated in part on other grounds by Mohawk Indus.,*

*Inc. v. Carpenter*, 558 U.S. 100 (2009). Under the crime-fraud exception, communications are not privileged when the client "consults an attorney for advice that will serve him in the commission of a fraud" or crime. *Id.* (quoting *Clark v. United States*, 289 U.S. 1, 15 (1933)). To invoke the crime-fraud exception, a party must "satisfy a two-part test":

> First, the party must show that "the client was engaged in or planning a criminal or fraudulent scheme when it sought the advice of counsel to further the scheme." Second, it must demonstrate that the attorney-client communications for which production is sought are "sufficiently related to" and were made "*in furtherance of* [the] intended, or present, continuing illegality."

*Id.* (quoting *In re Grand Jury Proceedings*, 87 F.3d at 381–83) (alteration and emphasis added in *In re Napster*).

Appellants first contend that the district court could not find a prima facie case of crime-fraud without examining the privileged documents in camera. The district court correctly rejected this contention. District courts may find a prima facie case of crime-fraud either by examining privileged material in camera or by examining independent, non-privileged evidence. *See, e.g.*, *In re Napster*, 479 F.3d at 1093; *United States v. Chen*, 99 F.3d 1495, 1503 (9th Cir. 1996).

As *In re Napster* stated, however, the existence of a prima facie case is only step one of the inquiry. In this case, the government relied on independent, non-privileged evidence to establish reasonable cause that the attorneys were enlisted

to make false statements to the FDA. No evidence has been presented regarding the second step in the analysis: whether "the attorney-client communications for which production is sought are 'sufficiently related to' and were made 'in furtherance of [the] intended, or present, continuing illegality.'" *In re Napster*, 479 F.3d at 1090 (emphasis omitted) (quoting *In re Grand Jury Proceedings*, 87 F.3d at 382–83). Thus far, the litigation has not focused on any individual documents. Instead, the district court broadly ordered the attorneys to produce everything identified in the government's subpoenas, without first examining any specific documents in camera to determine whether they contained communications in furtherance of the asserted crime-fraud. *Id.*

This was erroneous. Although we do not have a published opinion on this point,[1] other circuits have concluded that district courts must review documents in camera before deciding whether they should be produced under the crime-fraud exception. *See In re BankAmerica Corp. Sec. Litig.*, 270 F.3d 639, 644 (8th Cir. 2001); *In re Antitrust Grand Jury*, 805 F.2d 155, 168–69 (6th Cir. 1986). The Sixth Circuit explained the difference between in camera review during step one and step two of the analysis: While in camera review "*could* . . . assist[] the court in determining whether a *prima facie* violation had been made" (step one), in camera review "is *mandated* to determine the scope of the

---

[1] The government claimed at oral argument that two of our cases have upheld crime-fraud orders without requiring examination of individual documents, but those cases both involved district court orders for attorneys to testify, not produce documents. *See In re Grand Jury Proceedings*, 87 F.3d at 379; *In re Grand Jury Proceedings*, 867 F.2d 539, 540 (9th Cir. 1989).

order," i.e. "to determine whether [the documents] reflect communications or work product made in furtherance of a contemplated or ongoing" crime-fraud (step two). *In re Antitrust Grand Jury*, 805 F.2d at 168–69 (emphases added); *see also United States v. Zolin*, 842 F.2d 1135, 1138 (9th Cir. 1988) (Beezer, J., dissenting from vacatur of order granting rehearing en banc) (urging the Ninth Circuit to adopt this rule).

We agree with the Sixth Circuit. While in camera review is not necessary during step one to establish a prima facie case that "the client was engaged in or planning a criminal or fraudulent scheme when it sought the advice of counsel to further the scheme," a district court must examine the individual documents themselves to determine that the specific attorney-client communications for which production is sought are "sufficiently related to" and were made "in furtherance of the intended, or present, continuing illegality." *See In re Napster*, 479 F.3d at 1090.

For these reasons, we **VACATE** and **REMAND** the order compelling production of all subpoenaed documents so the district court may examine the documents in camera to determine the proper scope of the production order, i.e., which documents contained communications in furtherance of the crime-fraud.