**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**



JAN 14 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

In re: GRAND JURY INVESTIGATION,

UNITED STATES OF AMERICA,

Appellee,

v.

DOE APPELLANTS AND
CORPORATIONS,

Respondents - Appellants.

No. 15-50450

D.C. No. 2:15-cm-01014-UA-1

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted December 7, 2015
Pasadena, California

Before: GOULD and BERZON, Circuit Judges, and STEEH,** Senior District
Judge.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The Honorable George Caram Steeh III, Senior District Judge for the
U.S. District Court for the Eastern District of Michigan, sitting by designation.

This appeal concerns the district court's order granting the government's ex parte motion to compel production of attorney-client documents. In an opinion filed concurrently with this memorandum disposition, we vacate the order and remand for the district court to inspect the subpoenaed documents in camera to determine which specific documents contain communications in furtherance of the crime-fraud and must be produced. In this memorandum disposition, we affirm that we have jurisdiction to review this issue, and we affirm the district court's conclusion that the government produced sufficient evidence to invoke the crime-fraud exception to attorney-client privilege.

1.    We have interlocutory jurisdiction over this appeal under *Perlman v. United States*, 247 U.S. 7 (1918), as to the Doe appellants.[1] *See United States v. Krane*, 625 F.3d 568, 571–73 (9th Cir. 2010). The government's argument on appeal that the Does have not established that they were clients "with respect to the FDA correspondence at issue," is inconsistent with its allegations in the district court that the Does controlled the Corporation entities and directed their lawyers to use false statements to dissuade the FDA from investigating its advertisements. If

---

[1] All documents in this matter have been filed under seal to protect the secrecy of the ongoing grand jury proceedings. The true names of the appellants, appellant corporations, and their former attorneys are not revealed in this memorandum.

we accepted the government's premise on appeal that the record does not show who the clients were, we would be compelled to reverse the district court's crime-fraud finding, because the crime-fraud exception requires the government to prove that "the client harbored an improper purpose"—"it is the client's knowledge and intent that are relevant." *In re Napster, Inc. Copyright Litig.*, 479 F.3d 1078, 1090 (9th Cir. 2007), *abrogated in part on other grounds by Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100 (2009).

2. For the reasons given by the district court, we agree that the government presented sufficient evidence to establish a prima facie case that the Does sought to use their lawyers "in furtherance of and . . . sufficiently related to ongoing" crimes, i.e., false statements to and obstruction of the FDA. *In re Grand Jury Proceedings*, 87 F.3d 377, 382 (9th Cir. 1996); *see* 18 U.S.C. § 1001. The government presented sufficient evidence to establish at least "reasonable cause to believe," *In re Grand Jury Proceedings*, 87 F.3d at 382, that the FDA had jurisdiction to investigate the misleading advertisements under 21 U.S.C. § 352(q), whether or not the medical centers were subject to the requirements of 21 U.S.C. § 352(r). Assuming without deciding that the literal-truth defense of *Bronston v. United States*, 409 U.S. 352 (1973), applies here, the government presented sufficient evidence to establish reasonable cause to believe that the Does directed

their attorneys to make false statements with the intent to obstruct the FDA investigation.

3.   We reject appellants' argument that the district court committed reversible error by not independently addressing the work product privilege.  Our decisions have indicated that the crime-fraud exception applies equally to work product and attorney-client privileges.  *See, e.g., United States v. Christensen*, 801 F.3d 970, 1004 (9th Cir. 2015); *In re Grand Jury Proceedings*, 867 F.2d 539, 540–41 (9th Cir. 1989); *see also In re Grand Jury Proceedings #5 Empanelled January 28, 2004*, 401 F.3d 247, 251–52 (4th Cir. 2005).[2]

We AFFIRM the district court's conclusion that the government established a prima facie case to invoke the crime-fraud exception.

---

[2]  All other arguments made by the parties not addressed by this memorandum or the concurrently-filed opinion have been considered by the panel and rejected.