**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED



SEP 08 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: GRAND JURY INVESTIGATION | Nos. 16-50234 |
| | 16-55640 |
| UNITED STATES OF AMERICA, | D.C. No. 2:15-cm-01014-UA-1 |
| Appellee, | |
| v. | MEMORANDUM* |
| DOE APPELLANTS AND CORPORATIONS, | |
| Respondents-Appellants. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted August 31, 2016**
Pasadena, California

Before: SILVERMAN, FISHER, and WATFORD, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

**1.** Under *Perlman v. United States*, 247 U.S. 7 (1918), we have jurisdiction to review the order requiring production of documents entered on June 27, 2016. Because appellants' former attorneys would likely produce the allegedly privileged documents to the government rather than risk a contempt citation, appellants may appeal the order to protect the privilege. *See United States v. Krane*, 625 F.3d 568, 572 (9th Cir. 2010). We lack jurisdiction over all other orders appellants challenge.

**2.** Appellants argue that the district court erred by not revisiting its finding of a prima facie case of crime-fraud, which is step one of the crime-fraud inquiry. *See In re Napster, Inc. Copyright Litig.*, 479 F.3d 1078, 1090 (9th Cir. 2007), *abrogated in part on other grounds by Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100 (2009). This court previously affirmed the district court's finding of a prima facie case of crime-fraud, however, and remanded to the district court to conduct only the second step of the crime-fraud inquiry. *In re Grand Jury Investigation*, 810 F.3d 1110, 1114 (9th Cir. 2016); *In re Grand Jury Investigation*, 628 F. App'x 482, 483 (9th Cir. 2016). Under the law of the case doctrine, we are "precluded from reexamining" this finding. *United States v. Smith*, 389 F.3d 944, 948 (9th Cir. 2004). We therefore decline to reach any of appellants' arguments challenging the district court's finding of a prima facie case of crime-fraud.

**3.** Appellants contend that the district court erred by ordering production of certain documents under the crime-fraud exception. We find none of these contentions meritorious.

Appellants argue that the district court's analysis in the June 2016 order erred in two ways: first by not specifying the factual basis for each communication, and second by requiring an insufficient nexus between the communications and the alleged crime-fraud. We disagree. The district court discussed its evaluation process as applied to each document, and the court reviewed each document individually. Only emails that were "sufficiently related to" and "made in furtherance of the alleged illegality" because they "provided information necessary for [the attorneys] to draft and complete the FDA letters" were ordered produced. The district court clearly explained both its process as applied to each document and its factual basis for ordering production of each document. Document-by-document factual findings did not need to be specified in the order.

We also reject appellants' argument that none of the communications that post-dated the attorneys' letters to the FDA were in furtherance of the crime-fraud. We agree with the district court that these communications were subject to production because they were in furtherance of an ongoing fraud. *See Napster*, 479 F.3d at 1090.

Lastly, we reject appellants' contention that the *Noerr-Pennington* doctrine precludes the district court's production order. The *Noerr-Pennington* doctrine has no application on the facts of this case. *See In re Richard Roe, Inc.*, 168 F.3d 69 (2d Cir. 1999).

**AFFIRMED**.

The mandate shall issue forthwith. All pending motions concerning these appeals are denied.