**FILED**

MAY 3 2018



| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  16-50252 |
| Plaintiff-Appellee, | D.C. No. 2:13-cr-00739-SVW-1 |
| v. | Central District of California, Los Angeles |
| CINDY OMIDI, | |
| Defendant, | ORDER |
| JULIAN OMIDI, | |
| Intervenor-Appellant. | |

Before:  GRABER and OWENS, Circuit Judges, and MAHAN,[*] District Judge.

The memorandum disposition filed on March 23, 2018 is hereby amended. The amended memorandum disposition will be filed concurrently with this order.

The panel has voted to deny the petition for panel rehearing.  Judges Graber and Owens voted to deny the petition for rehearing en banc, and Judge Mahan so recommends.

The full court has been advised of the suggestion for rehearing en banc, and no judge has requested a vote on whether to rehear the matter en banc.  Fed. R. App. P. 35.

---

[*]  The Honorable James C. Mahan, United States District Judge for the District of Nevada, sitting by designation.

The petition for panel rehearing and rehearing en banc is DENIED.

No further petitions for panel rehearing or petitions for rehearing en banc will be entertained.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 3 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50252 |
| Plaintiff-Appellee, | D.C. No.<br>2:13-cr-00739-SVW-1 |
| v. | |
| CINDY OMIDI, | ORDER and<br>AMENDED MEMORANDUM[*] |
| Defendant, | |
| JULIAN OMIDI, | |
| Intervenor-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted March 5, 2018[**]
Pasadena, California

Before: GRABER and OWENS, Circuit Judges, and MAHAN,[***] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable James C. Mahan, United States District Judge for the District of Nevada, sitting by designation.

Julian Omidi appeals from the district court's denial of his motion to partially unseal documents uncovered during the prosecution of Cindy Omidi. Appellant made this motion in his capacity as Intervenor at Cindy Omidi's trial. We affirm.

1.     The district court did not err in denying Appellant's motion to unseal memoranda of government interviews that were taken in connection with a grand jury investigation, as well as a hearing transcript and court order that referenced the memoranda at length (collectively "documents"). These documents were records "relating to grand-jury proceedings" that "must be kept under seal to the extent and as long as necessary to prevent the unauthorized disclosure of a matter occurring before a grand jury." Fed. R. Crim. P. 6(e)(6); *see also United States v. Index Newspapers LLC*, 766 F.3d 1072, 1085–86 (9th Cir. 2014); *U.S. Indus., Inc. v. U.S. Dist. Court*, 345 F.2d 18, 20–21 (9th Cir. 1965).

These documents were not subject to any exception under Federal Rule of Criminal Procedure 6(e)(3)(E). Appellant's motion to unseal was not a "request of the government," Fed. R. Crim. P. 6(e)(3)(E)(iii)–(v), nor was it made by a defendant seeking to dismiss an indictment, *see* Fed. R. Crim. P. 6(e)(3)(E)(ii). We also decline to grant the motion under the exception for disclosure requests made "preliminarily to or in connection with a judicial proceeding." Fed. R. Crim. P. 6(e)(3)(E)(i). Insofar as Appellant seeks to share the documents with Senators

2

Mike Lee and Charles Grassley in their alleged government misconduct investigation, such an investigation does not constitute a "judicial proceeding." *See id.*

As to Appellant's request to share the documents with potential amici, the American Bar Association and California Attorneys for Criminal Justice, in *In re Grand Jury Investigation*, 668 F. App'x 792 (9th Cir. 2016) (unpublished), his request has been mooted by the conclusion of that case. *See W. Coast Seafood Processors Ass'n v. Nat. Res. Def. Council, Inc.*, 643 F.3d 701, 704 (9th Cir. 2011) ("An appeal is moot if there exists no present controversy as to which effective relief can be granted." (internal quotation marks omitted)). Appellant's argument that this issue is capable of repetition yet escaping review fails because there is no "reasonable expectation" that the issue will repeat itself. *In re Grand Jury Proceedings*, 863 F.2d 667, 669 (9th Cir. 1988). We do not ask how likely it is that *any* controversy between the government and Appellant will arise again; instead, we ask how likely it is that potential amici will request these documents again. *See W. Coast Seafood*, 643 F.3d at 704–05 (evaluating whether the specific issue of timeliness was likely to repeat itself, not the larger controversy between the parties). Appellant has made no showing that potential amici will request the documents in the future.

2.      Appellant has not established a First Amendment right to unseal the documents.  He argues that the First Amendment right "to petition the Government for a redress of grievances," U.S. Const. amend I, entitles him to share the documents with Senators Lee and Grassley, and that *Bursey v. United States*, 466 F.2d 1059 (9th Cir. 1972), "is the controlling case."  *Bursey* concerned the First Amendment rights of a witness compelled to testify at a grand jury.  *Id.* at 1081– 86.  It is wholly irrelevant to the First Amendment concerns implicated by Appellant's request to share the documents with Senators Lee and Grassley.

Moreover, the Supreme Court does not recognize a First Amendment right to unseal all documents pertaining to grand jury matters.  Rather, it has developed a two-step test that seeks to balance the competing goals of the First Amendment with the secrecy needs inherent to grand jury proceedings.  *See Press-Enter. Co. v. Superior Court*, 478 U.S. 1, 8–9 (1986).  Appellant has provided no reason or authority to suggest that the First Amendment gives him an absolute right to share these documents with senators.

3.      We lack jurisdiction over the rest of Appellant's claims that allege government misconduct and grand jury abuse.  In criminal proceedings, the final judgment rule "normally requires a defendant to wait until the end of the trial to obtain appellate review of a pretrial order."  *Sell v. United States*, 539 U.S. 166,

4

176 (2003); *see also* 28 U.S.C. § 1291.  Appellant has not yet been tried.  The final judgment rule precludes us from asserting jurisdiction over these claims.

4.    We deny all of Appellant's pending motions.

**AFFIRMED.**