NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 20 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-30199 |
| Plaintiff-Appellee, | D.C. No. 3:17-cr-05269-RJB-1 |
| v. | |
| BILLY JIM SWANN, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Submitted December 9, 2019**
Seattle, Washington

Before: GRABER, BERZON, and HIGGINSON,*** Circuit Judges.

Billy Jim Swann appeals his convictions, following a bench trial, of perjury,

social security fraud, and wire fraud. He challenges the district court's order

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Stephen A. Higginson, United States Circuit Judge for the U.S. Court of Appeals for the Fifth Circuit, sitting by designation.

granting the government's motion to apply the crime-fraud exception to his communications with his attorney. He also challenges the admission of attorney work product at his trial. For the following reasons, we affirm.

1. The district court applied the correct legal standard in granting the government's motion to apply the crime-fraud exception, thus allowing the government to admit testimony and written communications from Swann's civil attorney. To trigger the crime-fraud exception, the government must establish that "the client was engaged in or planning a criminal or fraudulent scheme when it sought the advice of counsel to further the scheme." In re Grand Jury Proceedings, 87 F.3d 377, 381 (9th Cir. 1996). Whatever the applicable standard of review, we conclude that the district court properly applied the exception. See United States v. Zolin, 491 U.S. 554, 572 (1989) (providing framework for applying the crime-fraud exception); United States v. Christensen, 828 F.3d 763, 798 (9th Cir. 2015) (explaining standards of review).

Testimony introduced on the first day of trial provided the district court with a "good faith belief" that *in camera* review of attorney-client communications might "reveal evidence to establish the claim that the crime-fraud exception applies." Zolin, 491 U.S. at 572. The government presented evidence that, although he maintained steady and lucrative work as a fishing guide, Swann sought the advice of an attorney to obtain social security disability benefits. After conducting

*in camera* review, the district court authorized the admission of two documents demonstrating that Swann was aware of his lawyer's filings on his behalf. Because Swann denied that he caused the law firm to make false representations, this evidence was relevant to the charges against him.[1] See United States v. Holden, 908 F.3d 395, 399–401 (9th Cir. 2018) (providing standard for wire fraud); Fed. R. Evid. 401. Testimony from Swann's attorney, which was narrowly limited to representations Swann made to the attorney about his ability to maintain employment, was also properly admitted. In re Grand Jury Proceedings, 87 F.3d at 382–83.

The fact that Swann was tried by a judge rather than a jury does not compel a different conclusion. See Kistmet Acquisition, LLC v. Diaz-Barba (In re Icenhower), 755 F.3d 1130, 1141 (9th Cir. 2014) (affirming application of crime-fraud exception during bench trial). The government bears the same burden of proof in a bench trial and a jury trial. United States v. Overton, 573 F.3d 679, 685 (9th Cir. 2009). Moreover, it is irrelevant that the government initially argued that the crime-fraud exception was necessary to avoid juror confusion. The exception applies when a client uses his attorney's services in furtherance of a crime or fraudulent scheme. Once it is clear that the evidence is admissible, the crime-fraud

---

[1] Swann does not challenge the government's decision to premise his wire fraud charges on his lawyer's filings. We express no opinion on this practice or its validity.

exception does not require the government to articulate a particular reason to introduce the evidence. See In re Grand Jury Proceedings, 87 F.3d at 381.

2. Swann also has not demonstrated that the district court erred in admitting attorney work product. Because the materials and testimony did not reveal "mental impressions" of Swann's attorney, the work product introduced at trial was factual only. Thus, it was properly admitted under the crime-fraud exception, even without a showing that Swann's attorney "knowingly participated in any criminal activity." In re Grand Jury Proceedings, 867 F.2d 539, 541 (9th Cir. 1989).

**AFFIRMED.**